P.M. Bessette (Bar No. 127588)
James V. Weixel (Bar No. 166024)
Amber Lee Kelly (Bar No. 117006)
**DEMLER, ARMSTRONG & ROWLAND, LLP**
601 California Street, Suite 704
San Francisco, CA 94108-2812
Telephone: (415) 949-1900
Facsimile: (415) 354-8380
Email: *bes@darlaw.com*
*jvw@darlaw.com*

Attorneys for Defendant
NATIONAL STEEL AND SHIPBUILDING COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

WILLIAM LIVERNOIS,

Plaintiff,

vs.

AIR & LIQUID SYSTEMS CORPORATION, etc., et al.,

Defendants.

CASE NO.: 3:19-cv-02277

Alameda County Superior Court Case No. RG18904408

**NATIONAL STEEL AND SHIPBUILDING COMPANY'S NOTICE OF REMOVAL**

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant NATIONAL STEEL AND SHIPBUILDING COMPANY (hereinafter "NASSCO"), hereby gives notice of its removal of this action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, Oakland Division, pursuant to U.S.C. §§ 1441(a), 1442(a)(1), and 1446.

In support of removal, NASSCO respectfully states the following:

**Introduction**

1. This is the third time this action has been before the federal courts – once in San

Diego, and now for the second time in this Court. Plaintiff William Livernois ("Plaintiff" or "Mr. Livernois") alleges he developed mesothelioma as a result of asbestos exposure. Ever since the case was filed, Plaintiff – or more accurately, his counsel – has been engaged in gamesmanship to see how long they can evade removal jurisdiction. Plaintiff named NASSCO as a defendant in the Alameda County action. Plaintiff then dismissed NASSCO and filed a new case against NASSCO only, in federal court in San Diego based on diversity jurisdiction, which stated the same claims against NASSCO. When another defendant removed this case to this Court on the basis of the government contractor defense, Plaintiff sought leave to dismiss his product liability claims, which eliminated the basis for removal jurisdiction. This Court (Hon. Saundra Brown-Armstrong) granted that motion and remanded the matter to Alameda County.

2. After that order came down, Plaintiff began his *third* campaign against NASSCO. Plaintiff not only refiled his claims against NASSCO in the Alameda County action, but he did so through the dubious artifice of an amendment to the complaint to substitute NASSCO for "Doe 1," purportedly under the provisions of section 474 of the California Code of Civil Procedure. Of course, Plaintiff had long known of NASSCO's true identity; after all, he had *sued NASSCO by name* in the original complaint. Furthermore, Plaintiff added NASSCO into the state court action right back into the same spot – facing the same claims of product liability and premises/contractor liability that it had faced before being dismissed last year. By so doing, Plaintiff created removal jurisdiction once again.

3. Plaintiff has been playing games with the courts' jurisdiction for too long. Removal jurisdiction clearly exists, and this Court is the proper forum for this action.[1]

**Preliminary Matters and Procedural History**

4. On May 4, 2018, Plaintiff filed his personal injury complaint commencing the action entitled *William Livernois, et al. v. Air & Liquid Systems Corporation, et al.*, Case No. RG18904408, in the Superior Court of the State of California for the County of Alameda ("the State Court Action), against NASSCO and other defendants. A true and correct copy of the

[1] The action was assigned to the Hon. Saundra Brown-Armstrong after the first removal by the other defendant. For the sake of consistency in case management, NASSCO respectfully suggests that this removal case should be assigned to Judge Brown-Armstrong as well.

original Complaint in the State Court Action is attached as **Exhibit A**.

5. NASSCO's agent for service of process was personally served with the Summons and Complaint on May 16, 2018. True and correct copies of the Summons and proof of service are attached collectively as **Exhibit B**.

6. The Complaint alleges that Mr. Livernois was exposed to asbestos, asbestos-containing products while serving among other things as a "Boiler Tender in the Navy from approximately 1957to 1978" s and/or products designed to be used in association with asbestos products." **Exhibit A**, ¶ 7.

7. The Complaint alleges liability based upon Negligence, Breach of Express and Implied Warranties, Strict Liability and Premises Owner/Contractor Liability. **Exhibit A**, ¶¶ 1-86. Plaintiff generally alleges that his disease was caused by defendants' negligence and his exposure to asbestos from products. The Complaint charges that NASSCO is liable for "gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and filing to protect from asbestos dust." **Exhibit A**, ¶ 7, p. 12:22-24.

8. On June 5, 2018, recognizing that the Complaint was removable by NASSCO, Plaintiff filed a request for the dismissal of NASSCO from the State Court Action without prejudice. A conformed copy of the request for dismissal is attached as **Exhibit C.**

9. On June 19, 2018, while the State Court Action was still pending, Plaintiff filed another civil action against NASSCO in the United States District Court for the Southern District of California, in San Diego, entitled *William Livernois v. National Steel & Shipbuilding Co.*, No. 3:18-cv-01326-BEN-JMA ("the Southern District Action"). A copy of the Complaint in the Southern District Action is attached hereto as **Exhibit D.**

10. In the Southern District Action, Plaintiff claimed that he developed mesothelioma as a result of his alleged exposure to asbestos while working aboard various U.S. Navy vessels between 1957 and 1978 at unstated locations in San Diego County, California. Plaintiff's claims against NASSCO in the Southern District Action sounded in negligence, breach of warranty, strict liability in tort, and premises/contractor liability. NASSCO was the only named defendant in the Southern District Action. The claims against NASSCO in the Southern District Action

were essentially the same as those made against NASSCO in the State Court Action.

11. On June 22, 2018, another defendant, Fryer-Knowles, Inc., filed a notice of removal of the State Court Action to this Court. A copy of that notice of removal (without exhibits) is attached hereto as **Exhibit E.**

12. Plaintiff filed two motions in response to Fryer-Knowles's removal of the State Court Action to this Court. First, Plaintiff moved for leave to amend the Complaint to clarify that he was not asserting any product liability claims against the defendants who had removed, or joined in removing, the State Court Action on the basis of the government contractor defense. Second, Plaintiff moved to remand the case to state court, arguing that because the product liability claims had been dismissed against the government contractor defendants, a basis for removal on that defense no longer existed. This Court (Hon. Saundra Brown-Armstrong) granted both motions on March 21, 2019, and remanded the case to the Alameda County Superior Court.

13. On March 29, 2019, Plaintiff filed an "Amendment to Complaint" in the State Court Action in which he purported to amend his Complaint to name NASSCO as a defendant in the place of "Doe 1," a fictitiously-named defendant, under section 474 of the California Code of Civil Procedure. Plaintiff served that amendment, along with a new summons and a copy of the May 4, 2018 Complaint in the State Court Action, on NASSCO's statutory agent for service of process on April 2, 2019. A copy of those papers is attached hereto collectively as **Exhibit F.**

14. Plaintiff's attempt to add NASSCO back into the State Court Action as a fictitiously-named defendant was a ruse. Section 474 of the California Code of Civil Procedure provides that a plaintiff may substitute a named defendant in the place of a previous fictitiously-named "Doe" defendant if "the plaintiff is ignorant of the name of a defendant." Plaintiff obviously was not ignorant of NASSCO, its name, or its identity, or of the facts upon which Plaintiff's claims against NASSCO were based, since months before the attempted amendment Plaintiff had expressly named NASSCO in the original complaint and summons in the State Court Action, and had later filed the Southern District Action against NASSCO making essentially the same claims.

15. Plaintiff's claims stated against "Doe 1," for which he purported to substitute

NASSCO, were the same as originally stated against NASSCO in the State Court Action. The Complaint in the State Court Action states or purports to state claims sounding in product liability and premises liability against all defendants, including the "Doe" defendants. **Exhibit A,** ¶ 7; see also First, Second Third, and Fourth Causes of Action (stating all causes of action against all "Doe" defendants). As to NASSCO, Plaintiff alleges that his claims against NASSCO arise from "gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust." **Exhibit A,** ¶ 7, p. 12:22-24. Plaintiff alleges further as to the "Doe" defendants that "Plaintiff further allege; defendants and DOES 1 through 400, and each of them, inclusive, designed, manufactured, sold, supplied, distributed and otherwise marketed asbestos containing products, equipment and systems with original and replacement asbestos-containing products, components, and integral parts; that defendants and DOES 1 through 400 inclusive specified and required the use of such original and replacement asbestos containing parts and components that were integral to their respective asbestos containing products' normal use and operation and that by design such normal use and operation directly created, generated, released and exposed plaintiff WILLIAM LIVERNOIS to asbestos-containing dust, debris, fiber and particulate from such integral, specified, necessary and required asbestos products and components." **Exhibit A.** ¶ 7, p. 15:9-18. It is therefore clear that the Complaint in the State Court Action now alleges product liability claims against NASSCO in the same manner as was done previously in the State Court Action and the Southern District Action.

16. The allegations in the Complaint in the State Court Action and the Complaint in the Southern District Action both state Plaintiff's claims against NASSCO in a manner or in sufficient detail so as to indicate to NASSCO that the case is potentially removable under several grounds, as stated in the following paragraphs and in the accompanying declaration. Plaintiff alleged in both complaints that NASSCO was liable for Mr. Livernois' occupational exposures to asbestos and/or asbestos-containing products which would have occurred while he served aboard U.S. Navy ships as a Boiler Tender/Tech between 1957 and 1978. Any vessel construction or repairs performed by NASSCO for the U.S. Navy or other branches of the

United States military, or other agencies of the federal government, was performed pursuant to contracts and specifications provided to NASSCO by those agencies of the federal government.

17. This case is removable based on federal officer jurisdiction under 28 U.S.C. § 1442(a)(1). Plaintiff's claims against NASSCO are based on Mr. Livernois' alleged exposure to asbestos and asbestos-containing products arising out of work done on a several Navy ships. To the extent that NASSCO built, performed work or supplied equipment on a U.S. Navy ship or disturbed, installed or supplied equipment or materials in connection with that purported work, everything was done in accordance with specifications provided by the U.S. Navy and under the direction and control of the military and its officers. Accordingly, this case is removable on the grounds of federal officer removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), and the principle of derivative sovereign immunity enunciated in *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940) and *Campbell-Ewald Co. v. Gomez,* 577 U.S. ___, 136 S.Ct. 663 (2016).

18. This case is removable on the further ground that Plaintiff's claims, if any, are alleged to have arisen out of acts, omissions, or conduct of NASSCO within the confines of a government enclave (i.e., naval bases, naval installations, naval piers and/or the U.S. Navy vessels docked within its boundaries upon which Plaintiff is alleged to have been exposed to asbestos). This Court thus has original jurisdiction over the subject matter of Plaintiff's claims against NASSCO. U.S. Const. art. I, § 8, cl. 17; *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006). The case is therefore subject to removal under 28 U.S.C. § 1441(a).

19. This case is removable on the further ground that Plaintiff's claims against NASSCO fall within the Federal Tort Claims Act's exclusive jurisdiction under the "combatant activities" exception to the state savings provision of 28 U.S.C. § 2680(j). According to the complaint in the Southern District Action, at least some of Plaintiff's claims against NASSCO arose out of exposure to asbestos that is alleged to have occurred during times of war or armed conflict in which the United States was a combatant, specifically the Vietnam conflict. **Exhibit C,** Exhibit A thereto (listing alleged exposure aboard U.S. Navy vessels between the years 1957-1975). Accordingly, NASSCO has a colorable defense of absolute immunity under the "combatant activities" provision of 28 U.S.C. § 2680(j). Removal jurisdiction thus exists under

the federal preemption doctrine and federal question jurisdiction.

20. This Notice of Removal is timely filed in that it is filed within thirty (30) days after the first receipt by NASSCO of a pleading from which it ascertained that this case is removable. 28 U.S.C. § 1446(b).

**Nature of Case**

21. The case is based on allegations that Mr. Livernois developed an asbestos-related disease caused by exposure to asbestos and asbestos-containing products present on U.S. Navy ships between 1957 and 1978. **Exhibit A**, ¶ 7.

22. Plaintiff asserts causes of action against NASSCO based in part on the allegation that NASSCO "sold, shipped, supplied, distributed, installed, removed, or replaced" by defendants. "These products were defective and inherently dangerous asbestos-containing products and/or products defectively designed-to-be used in association with asbestos products." **Exhibit A**, ¶ 7.

**Jurisdiction, Venue and Intradistrict Assignment**

23. Jurisdiction is based on 28 U.S.C. §§ 1331, 1441(a), and 1442(a)(1) as set forth below under Grounds for Removal.

24. Venue is proper in the Northern District of California as the state court action, which is subject to this removal petition, was filed in the Superior Court of California for the County of Alameda where it was alleged that all parties are subject to personal jurisdiction. The case should therefore be assigned to the Oakland Division of this Court, and in fact should be assigned to the Hon. Saundra Brown-Armstrong, to whom the previous removal by Fryer-Knowles was assigned.

25. Section 1442 authorizes such a removal without the consent of any other defendant. See *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314-1315 (9th Cir. 1981) ("federal officer…can remove without other defendants joining the petition, and the entire case is removed to the federal court").

**Grounds For Removal**

26. As noted above, this case is based on Plaintiff's allegations that he was allegedly

exposed to asbestos containing products while serving as a Boiler Tech aboard naval vessels, including USS Norfolk, USS Charles Sperry, USS Edison, USS Tingey, USS O'Brien, USS Picking, USS Haley Powell, and USS Rowen, undergoing construction, repairs and/or modifications at or near NASSCO in San Diego.. See **Exhibit A**, ¶7 and **Exhibit D** , Exhibit A to the USDC Complaint. The basis for removal here is that, to the extent that Mr. Livernois claims exposure to asbestos attributable to NASSCO while serving on U.S. Navy ships, NASSCO was acting under an officer or agency of the U.S. within the meaning of 28 U.S.C. § 1442(a)(l) with regard to the manufacture and repair of those ships for the federal government, including all aspects of warnings associated with those ships; that those ships and the facilities were those vessels were located were federal enclaves and thus within this Court's original jurisdiction; that Plaintiff's alleged exposure occurred during and as a result of the United States' activities as a combatant during time of war or armed conflict; and that NASSCO was acting at all times in accordance with the contractual requirements and criteria mandated for it by the U.S. Government and its agencies.

27. Removal pursuant to 28 U.S.C. § 1442(a)(l) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to Plaintiff's claims, and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-125, 129-131, 134-135 (1989). As was recognized by the United States District Court for the Eastern District of Pennsylvania (the "home court" for the Asbestos MDL), NASSCO may properly remove this case to federal court if it establishes a "colorable" right to assert a "federal" defense to Plaintiff's claims. See *Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770 (E.D.Pa. 2010. Here, NASSCO can satisfy all three of the *Mesa* elements, as it has several possible federal defenses to this action, i.e., the "government contractor," "combatant activities," and "derivative sovereign immunity" (*Yearsley*) defenses, any one of which would provide absolute immunity to NASSCO for liability arising from injury caused to Mr. Livernois by any exposure to asbestos on board a Navy vessel being constructed or repaired by NASSCO. See *Boyle*, 487 U.S. at 504; *Yearsley*, 504 U.S. at 20-21.

28. In the present case, officers of the U. S. Navy, and other federal officers, were significantly involved in the acts providing the foundation for Plaintiff's state court claims against NASSCO -indeed, without the federal government having asked NASSCO to manufacture equipment and build and/or repair its ships, Plaintiff would not have a claim against it. Here, the requisite "causal nexus" between NASSCO's activities pursuant to federal officer direction, and the necessary "colorable federal defense" to Plaintiff's claims against it, exists here.

29. In support of its removal, NASSCO has submitted declarations that do not contain speculative or conclusory opinions, but are accurate attestations concerning the strict scrutiny by Naval and other federal officers of all manufacturing or repair work done by NASSCO for the federal government, including making decisions with regard to allowing warnings to be affixed on products aboard its ships. As explained by Admiral Horne, any and all work performed by Mr. Livernois during the construction and/or repair of U.S. Navy and U.S. military vessels would have been performed to the requirements specified by Naval or other federal officers, including federal health and safety standards, and would have been reviewed and inspected by Navy or other federal personnel. See Horne Decl., ¶¶ 5-18. Military specifications ("MilSpecs") for the manufacture of equipment and construction and repair of military vessels built for the Navy until the late-1960s and early-1970s mandated the use of asbestos or asbestos-containing equipment in the design, manufacture and repair of vessels, and shipyards, equipment manufacturers, Naval Machinery Inspectors and others relied on the MilSpecs to ensure strict compliance with the Navy's demands and requirements for combat-ready vessels. *Id.*, ¶ 7. The Navy not only prepared equipment, ship construction and repair specifications, but also stationed Naval Machinery Inspectors at shipyards like NASSCO to assure that naval contractors followed the required specifications. *Id.*, ¶ 5(d). Further, all private contractors, such as NASSCO, performed their work pursuant to precise requirements imposed by the U.S. Navy and under the Navy's detailed supervision and control. *Id.*, ¶¶ 14, 15, 16 and 18.

30. In addition, among the requirements imposed on private contractors by the Navy

was the use of asbestos-containing materials in the maintenance and repair of naval vessels. This requirement reflected the state of the art at the time, as well as the demands and requirements of combat ready Navy vessels. Horne Decl., ¶ 11.

31. Further, the Navy had superior knowledge of the dangers of asbestos prior to and during the time that NASSCO provided "military equipment," and would not have allowed any warnings to be affixed to its equipment. Horne Decl., ¶¶ 12 and 13.

32. Finally, the Navy would not have allowed its vessel constructors and equipment suppliers, such as NASSCO, to affix any warnings related to any asbestos hazards on their equipment, including its boilers or in their technical and operations manuals. Horne Decl., ¶ 16.

33. In further support of the removal, NASSCO provides the affidavit of Admiral Ben J. Lehman, U.S. Navy, Ret. See Affidavit of Admiral Ben J. Lehman, dated October 6, 2004 ("Lehman Aff."), attached to the Horne Decl. as Exhibit A.) Admiral Lehman joined the Navy in 1942, and worked as Ship Superintendent and Planning Officer at the Brooklyn Navy Yard between 1942 and 1944, as Ship Superintendent at the Alameda Naval Shipyard from 1950 to 1952, and as Planning Officer at the Assistant Industrial Manager Office in Alameda from 1952 to 1954. Lehman Aff., ¶ 1. During his tenure in the Navy and as Ship Superintendent, Admiral Lehman was personally involved with the supervision and oversight of ship alterations and equipment overhauls at the Brooklyn Navy Yard. *Id.*, ¶ 3.

34. Admiral Lehman confirms that the Navy controlled every aspect of the design and manufacture of equipment intended for installation on Navy vessels and that the Navy could not – and did not – permit its contractors to implement changes from military specifications. Lehman Aff., ¶¶ 2, 3. He affirms further that "the Navy had complete control over every aspect of each piece of equipment" through the MilSpecs, and that "the Navy controlled the decision making with respect to instructions and warnings on every piece of equipment." Overall, "the Navy dictated every aspect of the design, manufacture, installation, overhaul, written documentation and warnings associated with its ships and did not permit deviation from any of its contractors." *Id.*, ¶ 5.

35. Through the declarations of Adm. Horne and Adm. Lehman, NASSCO has

established that the Navy exercised significant discretion regarding asbestos warnings and the instructions and supervision given to its equipment manufacturers and shipyard contractors. Further, the Navy had superior knowledge of the hazards of asbestos, far beyond any information that NASSCO could ever have provided. And, the Navy dictated every aspect of the design, manufacture, installation, overhaul, written documentation and warnings associated with its ships, and did not permit deviations from any of its contractors, including NASSCO. For all the reasons set forth above, the government contractor defense, the combatant activities defense, derivative sovereign immunity under *Yearsley*, and federal enclave jurisdiction have been colorably established by NASSCO, and federal removal jurisdiction has been properly and timely invoked.

36. As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and correct copies of the process and pleadings served upon NASSCO are being filed with this Notice of Removal.

## **Conclusion**

37. Removal of this action is proper under 28 U.S.C. § 1442, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1442(a)(l) because NASSCO has colorable absolute defenses to the Complaint under federal law and because federal law preempts state court jurisdiction, including under the government contractor defense, the combatant activities defense, federal enclave jurisdiction, and derivative sovereign immunity under *Yearsley* and its progeny.

THEREFORE, Defendant NASSCO, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action to this Court from the Superior Court of the State of California, County of Alameda.

Dated: April 26, 2019

DEMLER, ARMSTRONG & ROWLAND, LLP

/s/ P.M. Bessette
P.M. Bessette
James V. Weixel
Attorneys for NATIONAL STEEL AND SHIPBUILDING COMPANY