# EXHIBIT A


21152457

1   Benno Ashrafi, Esq. (CSBN 247623)
2   Robert Green, Esq. (CSBN 216116)
    WEITZ & LUXENBERG, P:C.
3   1880 Century Park East, Suite 700.
    Los Angeles, California 90067
4   Tel.: (310)-247-0921
    Fax: (310) 786-9927
5

6   Attorneys for Plaintiff

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF ALAMEDA

10

11  WILLIAM LIVERNOIS, an individual;        CASE NO.   R G 1 8 9 0 4 4 0 8 .

12          Plaintiff,

13      v.

14
    AIR & LIQUID SYSTEMS                     PLAINTIFF'S COMPLAINT FOR
15  CORPORATION, a subsidiary of             DAMAGES
    AMPCO-PITTSBURGH
16  CORPORATION, individually and as         1. NEGLIGENCE
    successor by merger to BUFFALO           2. BREACH OF EXPRESS AND
17  PUMPS, INC., individually and successor     IMPLIED WARRANTIES
18  in interest to BUFFALO FORGE
    COMPANY;                                 3. STRICT LIABILITY
19  ALBAY CONSTRUCTION                        4. PREMISES OWNER/
20  COMPANY;                                     CONTRACTOR LIABILITY
    ALLIED FLUID PRODUCTS CORP.
21  individually and as successor in interest to   DEMAND FOR JURY TRIAL
22  ALLIED PACKING & SUPPLY, INC.;
    A.O. SMITH WATER PRODUCTS
23  CO.;
    ARMSTRONG INTERNATIONAL,
24  INC.;
25  ARNTZ BROS.;
    ARNTZ BUILDERS, INC.;
26  ASBESTOS CORPORATION
27  LIMITED;
    AURORA PUMP COMPANY;
28

                            - 1 -

                    PLAINTIFF'S COMPLAINT

FILED
ALAMEDA COUNTY
May
MAR - 1 2018
CLERK OF THE SUPERIOR COURT
By _Erica Baker_
ERICA BAKER Deputy

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

By Fax ORIGINAL

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  BASCO DRYWALL & PAINTING CO.;
   BLACKMER PUMP COMPANY;
2  BRAND INSULATIONS, INC.;
   BROADSPECTRUM DOWNSTREAM
3  SERVICES, INC. individually and as
   successor in interest to TIMEC
4  COMPANY, INC. and THE
   INDUSTRIAL MAINTENANCE
5  ENGINEERING CONTRACTING
   COMPANY;
6
   BURNHAM, LLC as successor to
7  BURNHAM CORPORATION;
8  BW/IP, INC., individually and as
   successor in interest to BYRON JACSON
9  PUMP CO.;
10 CARRIER CORPORATION,
   individually and as successor-in-interest to
11 DAY & NIGHT COOLING SYSTEMS,
   BRYANT HEATING & COOLING
12 SYSTEMS and PAYNE HEATING &
   COOLING SYSTEMS;
13
   CBS CORPORATION, f/k/a VIACOM,
14 INC., successor by merger to CBS
   CORPORATION f/k/a WESTINGHOUSE
15 ELECTRIC CORPORATION as successor
   in interest to BF STURTEVANT;
16
   CERTAINTEED CORPORATION;
17 CLA-VAL CO., a division of GRISWOLD
18 INDUSTRIES;
   CLEAVER-BROOKS, INC. f/k/a Aqua-
19 Chem Inc.;
20 COPELAND CORPORATION LLC,
   individually and successor-in-interest to
21 COPELAND CORPORATION;
22 CRANE CO.;
   DAP, INC. k/n/a LA MIRADA
23 PRODUCTS CO., INC.;
24 DILLINGHAM CONSTRUCTION,
   N.A., INC., individually and as successor-
25 in-interest to C. NORMAN PETERSON
   CO.;
26
   EATON CORPORATION, individually
27 and as successor to CUTLER-HAMMER,
   INC.;
28 ELLIOTT COMPANY aka ELLIOTT

- 2 -

1  TURBOMACHINERY CO., INC.;
   **FLOWSERVE US INC.**, individually and
2  as successor in interest to EDWARD
   VALVE, INC.;
3  **FLUOR CORPORATION**, individually
   and as successor-in-interest to FLUOR
4  CONSTRUCTION COMPANY; THE
5  FLUOR CORPORATION, LTD; and
   FLUOR ENGINEERING AND
6  CONSTRUCTION COMPANY, LTD.;
7  **FLUOR ENTERPRISES, INC.**
   individually and as successor-in-interest to
8  FLUOR ENGINEERS AND
9  CONSTRUCTORS, INC.; and FLUOR
   ENGINEERING AND CONSTRUCTION
10 COMPANY, LTD.;
11 **FMC CORPORATION**, individually and
   as successor in interest to NORTHERN
12 PUMP COMPANY f/k/a NORTHERN
   FIRE APPARATUS COMPANY,
13 CHICAGO PUMP COMPANY, and
   PEERLESS PUMP COMPANY;
14 **FOSTER WHEELER, LLC**, as successor
15 in interest to FOSTER WHEELER
   CORPORATION and FOSTER
16 WHEELER ENERGY CORPORATION;
17 **FRASER'S BOILER SERVICE, INC.;**
   **FRYER-KNOWLES, INC., A**
18 **CALIFORNIA CORPORATION;**
19 **FRYER-KNOWLES, INC., A**
   **WASHINGTON CORPORATION**;
20 **GARDNER DENVER, INC.** f/k/a
   GARDNER DENVER MACHINERY,
21 INC.;
22 **GENERAL ELECTRIC COMPANY;**
   **GOODRICH CORPORATION**, f/k/a
23 THE B.F. GOODRICH COMPANY;
   **GOULDS PUMPS, INC.;**
24 **GRINNELL LLC**, d/b/a GRINNELL
25 CORPORATION;
   **HILL BROTHERS CHEMICAL**
26 **COMPANY**;
27 **IMO INDUSTRIES, INC.**, individually
   and as successor in interest to DELAVAL
28 STEAM TURBINE COMPANY,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 3 -

ENTERPRISE ENGINE & FOUNDRY
COMPANY, ADEL PRECISION
PRODUCTS CORP.;
**INGERSOLL-RAND COMPANY,**
individually and as successor in interest to
TERRY STEAM TURBINE COMPANY;
**INVENSYS SYSTEMS, INC. f/k/a THE**
**FOXBORO COMPANY;**
**ITT CORPORATION,** individually and
as successor in interest to FOSTER
ENGINEERING COMPANY and BELL &
GOSSETT COMPANY;
**JERGUSON GAGE & VALVE**
**COMPANY;**
**J-M MANUFACTURING COMPANY,**
**INC.;**
**J.T. THORPE & SON, INC.;**
**KEELER DORR OLIVER BOILER**
**COMPANY;**
**LENNOX INDUSTRIES, INC.;**
**LEVITON MANUFACTURING CO.,**
**INC.;**
**M. SLAYEN & ASSOCIATES;**
**METALCLAD INSULATION LLC f/k/a**
METALCLAD INSULATION
CORPORATION;
**NATIONAL STEEL AND**
**SHIPBUILDING COMPANY;**
**OSCAR E. ERICKSON, INC.;**
**OTIS ELEVATOR COMPANY;**
**OWENS-ILLINOIS, INC.,** individually
and as successor in interest to OWENS-
ILLINOIS GLASS COMPANY;
**PARSONS CORPORATION**
individually and as successor in interest to
PARSONS INFRASTRUCTURE &
TECHNOLOGY GROUP INC. and THE
RALPH M. PARSONS COMPANY;
**PARSONS GOVERNMENT SERVICES**
**INC.** individually and as successor in
interest to PARSONS
INFRASTRUCTURE & TECHNOLOGY
GROUP INC. and THE RALPH M.
PARSONS COMPANY;
**PEERLESS INDUSTRIES, INC.;**

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 4 -

1   PETROCHEM INSULATION, INC.;
    PLANT PRODUCTS & SUPPLY CO.;
2   RHEEM MANUFACTURING
3   COMPANY;
    SANTA FE BRAUN, INC., individually
4   and as successor in interest to C.F. BRAUN
    & CO. and C.F. BRAUN, INC.;
5   SEQUOIA VENTURES INC., formerly
    known as BECHTEL CORPORATION;
6   SID E. PARKER BOILER
7   MANUFACTURUING COMPANY,
    INC. dba PARKER COMPANY;
8   SPIRAX SARCO, INC., individually and
9   as successor in interest to SARCO
    COMPANY;
10  STERLING FLUID SYSTEMS (USA)
11  LLC, individually and as successor in
    interest to PEERLESS PUMP COMPANY;
12  SWINERTON BUILDERS individually
    and as successor in interest to
13  SWINERTON & WALBERG;
    SWINERTON, INC.;
14  SYD CARPENTER, MARINE
15  CONTRACTOR, INC.;
    TACO, INC.;
16  TECUMSEH PRODUCTS COMPANY;
17  TEMPORARY PLANT CLEANERS,
    INC. individually and as successor in
18  interest to PLANT MAINTENANCE INC.
    OF CALIFORNIA;
19  THE GOODYEAR TIRE & RUBBER
20  COMPANY;
    THE NASH ENGINEERING
21  COMPANY;
22  THE FAIRBANKS COMPANY;
    THE WM. POWELL COMPANY;
23  THOMAS DEE ENGINEERING CO.,
    INC.;
24  TRANE U.S. INCORPORATED, f/k/a
25  AMERICAN STANDARD
    INCORPORATED, individually and as
26  successor to KEWANEE BOILER CORP.
    and AMERICAN BLOWER COMPANY;
27  TRIPLE A MACHINE SHOP, INC.;
28  VELAN VALVE CORPORATION,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST   SUITE 700
LOS ANGELES, CALIFORNIA  90067

- 5 -

1   individually and as successor in interest to
VELAN STEAM TRAP CORPORATION;
2   **VIKING PUMP, INC.;**
**WARREN PUMPS, LLC,** f/k/a
3   WARREN PUMPS, INC., individually and
as successor in interest to QUIMBY PUMP
4   COMPANY;
**WEIR VALVES & CONTROLS USA,**
5   **INC.,** f/k/a and individually and as
successor-in-interest to ATWOOD &
6   MORRILL;
**YORK INTERNATIONAL**
7   **CORPORATION,** individually and as
successor-in-interest to CENTRAL
8   ENVIRONMENTAL SYSTEMS, INC.,
f/k/a BORG-WARNER CENTRAL
9   ENVIRONMENTAL SYSTEMS, INC.,
YORK-LUXAIRE, INC., LUXAIRE,
10  INC., and THE C.A. OLSEN
MANUFACTURING COMPANY and
11  d/b/a "MONCRIEF FURNACES" d/b/a
YORK HEATING & AIR
12  CONDITIONING;
**ZURN INDUSTRIES LLC,** individually
13  and successor to ERIE CITY IRON
WORKS a/k/a ERIE CITY BOILERS;
14
and DOES 1 through 400, inclusive,
15
Defendants.
16

17

18

19

20

21      **COMES NOW,** Plaintiff WILLIAM LIVERNOIS for causes of action against

22  defendants and DOES 1 through 400, and each of them, inclusive, who files this Complaint

23  and alleges as follows:

24                          GENERAL ALLEGATIONS

25      1.      The true names and/or capacities, whether individual, corporate, partnership,

26  associate, governmental, or otherwise, of defendant DOES 1 through 400, inclusive, are

27  unknown to plaintiff at this time, who therefore sue said defendants by such fictitious names.

28  Plaintiff is informed and believes, and thereon alleges, that each defendant designated herein

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 6 -

1    as a DOE caused injuries and damages proximately thereby to plaintiff as hereinafter

2    alleged; and that each DOE defendant is liable to the plaintiff for the acts and omissions

3    alleged herein below, and the resulting injuries to plaintiff, and damages sustained by the

4    plaintiff. Plaintiff will amend this complaint to allege the true names and capacities of said

5    DOE defendants when that same is ascertained.

6         2.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

7    mentioned, each of the defendants and each of the DOE defendants were the agent, servant,

8    employee and/or joint venturer of the other co-defendants and other DOE defendants, and

9    each of them, and at all said times, each defendant and each DOE defendant was acting in

10    the full course, scope and authority of said agency, service, employment and/or joint venture.

11         3.    Plaintiff is informed and believes, and thereon alleges, that all times mentioned

12    herein, defendants and DOES 1 through 400, and each of them, inclusive, were also known

13    as, formerly known as and/or were the successors and/or predecessors in

14    interest/business/product line/or a portion thereof, assigns, a parent, a subsidiary (wholly or

15    partially owned by, or the whole or partial owner), affiliate, partner, co-venturer, merged

16    company, alter egos, agents, equitable trustees and/or fiduciaries of and/or were members in

17    an entity or entities engaged in the funding, researching, studying, manufacturing,

18    fabricating, designing, developing, labeling, assembling, distributing, supplying, leasing,

19    buying, offering for sale, selling, inspecting, servicing, repairing, installing, demolishing,

20    contracting for installation, contracting others to install, repairing, marketing, warranting,

21    rebranding, manufacturing for others, packaging and advertising a certain substance, the

22    generic name of which is asbestos, and/or other products, components and assemblies

23    containing said substance (hereafter "alternate entities"). Defendants and DOES 1 through

24    400, and each of them, inclusive, are liable for the acts, omissions and tortious conduct of its

25    successors and/or predecessors in interest/business/product line/or a portion thereof, assigns,

26    parent, subsidiary, affiliate, partner, co-venturer, merged company, alter ego, agent, equitable

27    trustee, fiduciary and/or its alternate entities in that defendants and DOES 1 through 400, and

28    each of them, inclusive, enjoys the goodwill originally attached to each such alternate entity,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 7 -

1  acquired the assets or product line (or portion thereof), and that there has been a virtual

2  destruction of plaintiff' remedy against each such alternate entity, and in that each such

3  defendant has the ability to assume the risk spreading role of each such alternate entity.

4      4.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

5  mentioned, that defendants and DOES 1 through 400, and each of them, inclusive, were and

6  are corporations organized and existing under the laws of the State of California or the laws

7  of some state or foreign jurisdiction; that each of the said defendants and DOE defendants

8  were and are authorized to do and are doing business in the State of California and regularly

9  conducted business in the County of Alameda; and that certain defendants and DOES

10  designate or have maintained principle places of business in the County of Alameda.

11      5.    Although the plaintiff may have been employed by defendant at the time of his

12  exposure to the defendant's asbestos-containing products (and to other asbestos-containing

13  products), or to asbestos by virtue of defendant's failure to protect from asbestos, each

14  defendant lacked workers' compensation insurance coverage during the years that the

15  plaintiff was exposed, having failed to secure the payment of workers' compensation through

16  mandated insurance or self-insurance coverage.  In addition, the plaintiff's exposure to the

17  defendant's asbestos-containing products (and to other asbestos-containing products), or to

18  asbestos by virtue of defendant's failure to protect from asbestos, did not arise out of the

19  plaintiff's employment, as the defendant lacked the right to control the manner or means of

20  the plaintiff's work duties.  Finally, the plaintiff was exposed to asbestos-containing products

21  that the defendant manufactured for sale to the general public, and which the plaintiff only

22  incidentally used during the course of his work duties.

23      6.    Defendants placed their names, logos, and trademarks on asbestos products as

24  well as put out as their own asbestos products manufactured by others so as to be an apparent

25  manufacturer and liable as the manufacturer.

26      7.    Plaintiff WILLIAM LIVERNOIS was exposed as a Boiler Tender in the Navy

27  from approximately 1957 to 1978 as well as exposed as civilian boiler operator, engineer,

28  and inspector for Sonoma State Hospital, Agnew State Hospital, and as a state inspector in

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 8 -

PLAINTIFF'S COMPLAINT

1  California in the late 1970s and into the 1980s, who at various locations, including within the

2  State of California, used, handled or was otherwise exposed to asbestos, asbestos containing

3  products and/or products designed to be used in association with asbestos products of, and/or

4  products that created an asbestos hazard, and/or safety equipment intended to block the entry

5  of asbestos fibers, and/or by virtue of the creation of asbestos dust and failure to protect from

6  asbestos dust, and/or on or about the premises of and by, defendants and DOES 1 through

7  400, and each of them, inclusive; including: **AIR & LIQUID SYSTEMS**

8  **CORPORATION**, a subsidiary of AMPCO-PITTSBURGH CORPORATION, individually

9  and as successor by merger to BUFFALO PUMPS, INC., individually and successor in

10  interest to BUFFALO FORGE COMPANY (for pumps, insulation, gaskets, and packing);

11  **ALBAY CONSTRUCTION COMPANY** (for gaskets, packing, insulation, asbestos

12  products, construction products, negligently creating asbestos dust and failing to protect from

13  asbestos dust); **ALLIED FLUID PRODUCTS CORP.** individually and as successor in

14  interest to ALLIED PACKING & SUPPLY, INC. (for gaskets, packing, insulation, asbestos

15  products, construction products, negligently creating asbestos dust and failing to protect from

16  asbestos dust); **A.O. SMITH WATER PRODUCTS CO.** (for hot water tanks, boilers,

17  insulation, gaskets, and packing); **ARMSTRONG INTERNATIONAL, INC.** (for steam

18  traps, strainers, insulation, gaskets, and packing); **ARNTZ BROS.** (for gaskets, packing,

19  insulation, asbestos products, construction products, negligently creating asbestos dust and

20  failing to protect from asbestos dust); **ARNTZ BUILDERS, INC.** (for gaskets, packing,

21  insulation, asbestos products, construction products, negligently creating asbestos dust and

22  failing to protect from asbestos dust); **ASBESTOS CORPORATION LIMITED** (for fiber

23  supply); **AURORA PUMP COMPANY** (for pumps, insulation, gaskets, and packing);

24  **BASCO DRYWALL & PAINTING CO.** (for construction products); **BLACKMER**

25  **PUMP COMPANY** (for pumps, insulation, gaskets, and packing); **BRAND**

26  **INSULATIONS, INC.** (for gaskets, packing, insulation, asbestos products, construction

27  products, negligently creating asbestos dust and failing to protect from asbestos dust);

28  **BROADSPECTRUM DOWNSTREAM SERVICES, INC.** individually and as successor

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 9 -

in interest to TIMEC COMPANY, INC. and THE INDUSTRIAL MAINTENANCE
ENGINEERING CONTRACTING COMPANY (for gaskets, packing, insulation, asbestos
products, construction products, negligently creating asbestos dust and failing to protect from
asbestos dust); **BURNHAM, LLC** as successor to BURNHAM CORPORATION (for
HVAC, furnace/boiler systems, insulation, gaskets, and packing); **BW/IP, INC.**, individually
and as successor in interest to BYRON JACSON PUMP CO. (for pumps, insulation, gaskets,
and packing); **CARRIER CORPORATION**, individually and as successor-in-interest to
DAY & NIGHT COOLING SYSTEMS, BRYANT HEATING & COOLING SYSTEMS
and PAYNE HEATING & COOLING SYSTEMS (for generators, insulation, gaskets, and
packing); **CBS CORPORATION**, f/k/a VIACOM, INC., successor by merger to CBS
CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION as successor in
interest to BF STURTEVANT (for pumps, turbines, insulation, gaskets, and packing);
**CERTAINTEED CORPORATION** (for pipe, insulation, gaskets, and packing); **CLA-
VAL CO.**, a division of GRISWOLD INDUSTRIES (for insulation, gaskets, and packing);
**CLEAVER-BROOKS, INC.** f/k/a Aqua-Chem Inc. (for boilers, insulation, gaskets, and
packing); **COPELAND CORPORATION LLC**, individually and successor-in-interest to
COPELAND CORPORATION (for HVAC, furnace/boiler systems, insulation, gaskets, and
packing); **CRANE CO.** (for Cranite gaskets, insulation, and packing); **DAP, INC.** k/n/a LA
MIRADA PRODUCTS CO., INC. (for construction products); **DILLINGHAM
CONSTRUCTION, N.A., INC.**, individually and as successor-in-interest to C. NORMAN
PETERSON CO. (for gaskets, packing, insulation, asbestos products, construction products,
negligently creating asbestos dust and failing to protect from asbestos dust); **EATON
CORPORATION**, individually and as successor to CUTLER-HAMMER, INC. (for
electrical panels, phenolics and arc shields); **ELLIOTT COMPANY** aka ELLIOTT
TURBOMACHINERY CO., INC. (for pumps, turbines, insulation, gaskets, and packing);
**FLOWSERVE US INC.**, individually and as successor in interest to EDWARD VALVE,
INC. (for valves, insulation, gaskets, and packing); **FLUOR CORPORATION**, individually
and as successor-in-interest to FLUOR CONSTRUCTION COMPANY; THE FLUOR

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 10 -

CORPORATION, LTD; and FLUOR ENGINEERING AND CONSTRUCTION COMPANY, LTD. (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **FLUOR ENTERPRISES, INC.** individually and as successor-in-interest to FLUOR ENGINEERS AND CONSTRUCTORS, INC.; and FLUOR ENGINEERING AND CONSTRUCTION COMPANY, LTD. (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **FMC CORPORATION**, individually and as successor in interest to NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS COMPANY, CHICAGO PUMP COMPANY, and PEERLESS PUMP COMPANY (for pumps, turbines, insulation, gaskets, and packing); **FOSTER WHEELER, LLC**, as successor in interest to FOSTER WHEELER CORPORATION and FOSTER WHEELER ENERGY CORPORATION (for boilers, economizers, insulation, gaskets, and packing); **FRASER'S BOILER SERVICE, INC.** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **FRYER-KNOWLES, INC., A CALIFORNIA CORPORATION** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **FRYER-KNOWLES, INC., A WASHINGTON CORPORATION** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **GARDNER DENVER, INC.** f/k/a GARDNER DENVER MACHINERY, INC. (for pumps, insulation, gaskets, and packing); **GENERAL ELECTRIC COMPANY** (for pumps, turbines, insulation, gaskets, and packing); **GOODRICH CORPORATION**, f/k/a THE B.F. GOODRICH COMPANY (for Goodrich asbestos gaskets, Cranite and Durabla, insulation, and packing); **GOULDS PUMPS, INC.** (for pumps, insulation, gaskets, and packing); **GRINNELL LLC**, d/b/a GRINNELL CORPORATION (for pumps, valves, pipe, insulation, gaskets, and packing); **HILL BROTHERS CHEMICAL COMPANY** (for insulation, gaskets, packing, decking, fiber supply, and creating asbestos dust); **IMO INDUSTRIES, INC.**, individually and as

- 11 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  successor in interest to DELAVAL STEAM TURBINE COMPANY, ENTERPRISE

2  ENGINE & FOUNDRY COMPANY, ADEL PRECISION PRODUCTS CORP. (for pumps,

3  turbines, insulation, gaskets, and packing); **INGERSOLL-RAND COMPANY**, individually

4  and as successor in interest to TERRY STEAM TURBINE COMPANY (for pumps,

5  insulation, gaskets, and packing); **INVENSYS SYSTEMS, INC.** f/k/a THE FOXBORO

6  COMPANY (for Foxboro valves, instruments, gaskets and insulation, gaskets, and packing

7  at land based facilities); **ITT CORPORATION**, individually and as successor in interest to

8  FOSTER ENGINEERING COMPANY and BELL & GOSSETT COMPANY (for pumps,

9  valves, turbines, insulation, gaskets, and packing); **JERGUSON GAGE & VALVE**

10  **COMPANY** (for gages, sight glasses on land based boilers, vessels, insulation, gaskets, and

11  packing); **J-M MANUFACTURING COMPANY, INC.** (for pipe, insulation, gaskets, and

12  packing); **J.T. THORPE & SON, INC.** (for gaskets, packing, insulation, asbestos products,

13  construction products, negligently creating asbestos dust and failing to protect from asbestos

14  dust); **KEELER DORR OLIVER BOILER COMPANY** (for boilers, insulation, gaskets,

15  and packing); **LENNOX INDUSTRIES, INC.** (for HVAC, furnace/boiler systems,

16  insulation, gaskets, and packing); **LEVITON MANUFACTURING CO., INC.** (for

17  electrical equipment, insulation, gaskets, and packing); **M. SLAYEN & ASSOCIATES** (for

18  gaskets, packing, insulation, asbestos products, construction products, negligently creating

19  asbestos dust and failing to protect from asbestos dust); **METALCLAD INSULATION**

20  **LLC** f/k/a METALCLAD INSULATION CORPORATION (for gaskets, packing,

21  insulation, asbestos products, construction products, negligently creating asbestos dust and

22  failing to protect from asbestos dust); **NATIONAL STEEL AND SHIPBUILDING**

23  **COMPANY** (for gaskets, packing, insulation, asbestos products, construction products,

24  negligently creating asbestos dust and failing to protect from asbestos dust); **OSCAR E.**

25  **ERICKSON, INC.** (for gaskets, packing, insulation, asbestos products, construction

26  products, negligently creating asbestos dust and failing to protect from asbestos dust); **OTIS**

27  **ELEVATOR COMPANY** (for elevators, friction, brakes, insulation, gaskets, and packing);

28  **OWENS-ILLINOIS, INC.**, individually and as successor in interest to OWENS-ILLINOIS

- 12 -

GLASS COMPANY (for pumps, insulation, gaskets, and packing); **PARSONS**
**CORPORATION** individually and as successor in interest to PARSONS
INFRASTRUCTURE & TECHNOLOGY GROUP INC. and THE RALPH M. PARSONS
COMPANY (for gaskets, packing, insulation, asbestos products, construction products,
negligently creating asbestos dust and failing to protect from asbestos dust); **PARSONS**
**GOVERNMENT SERVICES INC.** individually and as successor in interest to PARSONS
INFRASTRUCTURE & TECHNOLOGY GROUP INC. and THE RALPH M. PARSONS
COMPANY (for gaskets, packing, insulation, asbestos products, construction products,
negligently creating asbestos dust and failing to protect from asbestos dust); **PEERLESS**
**INDUSTRIES, INC.** (for boilers, insulation, gaskets, and packing); **PETROCHEM**
**INSULATION, INC.** (for gaskets, packing, insulation, asbestos products, construction
products, negligently creating asbestos dust and failing to protect from asbestos dust);
**PLANT PRODUCTS & SUPPLY CO.** (for gaskets, packing, insulation, asbestos products,
construction products, negligently creating asbestos dust and failing to protect from asbestos
dust); **RHEEM MANUFACTURING COMPANY** (for HVAC, furnace/boiler systems,
insulation, gaskets, and packing); **SANTA FE BRAUN, INC.**, individually and as successor
in interest to C.F. BRAUN & CO. and C.F. BRAUN, INC. (for gaskets, packing, insulation,
asbestos products, construction products, negligently creating asbestos dust and failing to
protect from asbestos dust); **SEQUOIA VENTURES INC.**, formerly known as BECHTEL
CORPORATION (for gaskets, packing, insulation, asbestos products, construction products,
negligently creating asbestos dust and failing to protect from asbestos dust); **SID E.**
**PARKER BOILER MANUFACTURUING COMPANY, INC.** dba PARKER
COMPANY (for boilers, insulation, gaskets, and packing); **SPIRAX SARCO, INC.**,
individually and as successor in interest to SARCO COMPANY (for steam traps, insulation,
gaskets, and packing); **STERLING FLUID SYSTEMS (USA) LLC**, individually and as
successor in interest to PEERLESS PUMP COMPANY (for pumps, insulation, gaskets, and
packing); **SWINERTON BUILDERS** individually and as successor in interest to
SWINERTON & WALBERG (for gaskets, packing, insulation, asbestos products,

- 13 -

PLAINTIFF'S COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  construction products, negligently creating asbestos dust and failing to protect from asbestos
2  dust); SWINERTON, INC. (for gaskets, packing, insulation, asbestos products, construction
3  products, negligently creating asbestos dust and failing to protect from asbestos dust); SYD
4  CARPENTER, MARINE CONTRACTOR, INC. (for gaskets, packing, insulation,
5  asbestos products, construction products, negligently creating asbestos dust and failing to
6  protect from asbestos dust); TACO, INC. (for pumps, insulation, gaskets, and packing);
7  TECUMSEH PRODUCTS COMPANY (for HVAC, furnace/boiler systems, insulation,
8  gaskets, and packing); TEMPORARY PLANT CLEANERS, INC. individually and as
9  successor in interest to PLANT MAINTENANCE INC. OF CALIFORNIA (for gaskets,
10 packing, insulation, asbestos products, construction products, negligently creating asbestos
11 dust and failing to protect from asbestos dust); THE GOODYEAR TIRE & RUBBER
12 COMPANY (for Cranite, insulation, gaskets, and packing); THE NASH ENGINEERING
13 COMPANY (for pumps, insulation, gaskets, and packing); THE FAIRBANKS
14 COMPANY (for valves, insulation, gaskets, and packing); THE WM. POWELL
15 COMPANY (for pumps, valves, insulation, gaskets, and packing); THOMAS DEE
16 ENGINEERING CO., INC. (for gaskets, packing, insulation, asbestos products,
17 construction products, negligently creating asbestos dust and failing to protect from asbestos
18 dust); TRANE U.S. INCORPORATED, f/k/a AMERICAN STANDARD
19 INCORPORATED, individually and as successor to KEWANEE BOILER CORP. and
20 AMERICAN BLOWER COMPANY (for boilers, insulation, gaskets, and packing);
21 TRIPLE A MACHINE SHOP, INC. (for gaskets, packing, insulation, asbestos products,
22 construction products, negligently creating asbestos dust and failing to protect from asbestos
23 dust); VELAN VALVE CORPORATION, individually and as successor in interest to
24 VELAN STEAM TRAP CORPORATION (for valves, steam traps, insulation, gaskets, and
25 packing); VIKING PUMP, INC. (for pumps, insulation, gaskets, and packing); WARREN
26 PUMPS, LLC, f/k/a WARREN PUMPS, INC., individually and as successor in interest to
27 QUIMBY PUMP COMPANY (for pumps, insulation, gaskets, and packing); WEIR
28 VALVES & CONTROLS USA, INC., f/k/a and individually and as successor-in-interest to

- 14 -

PLAINTIFF'S COMPLAINT

1   ATWOOD & MORRILL (for Atwood & Morrill valves, insulation, gaskets, and packing);

2   **YORK INTERNATIONAL CORPORATION**, individually and as successor-in-interest to

3   CENTRAL ENVIRONMENTAL SYSTEMS, INC., f/k/a BORG-WARNER CENTRAL

4   ENVIRONMENTAL SYSTEMS, INC., YORK-LUXAIRE, INC., LUXAIRE, INC., and

5   THE C.A. OLSEN MANUFACTURING COMPANY and d/b/a "MONCRIEF

6   FURNACES" d/b/a YORK HEATING & AIR CONDITIONING (for HVAC, furnace/boiler

7   systems, insulation, gaskets, and packing); **ZURN INDUSTRIES LLC**, individually and

8   successor to ERIE CITY IRON WORKS a/k/a ERIE CITY BOILERS (for land based

9   boilers, insulation, gaskets, and packing). Plaintiffs further allege; defendants and DOES 1

10  through 400, and each of them, inclusive, designed, manufactured, sold, supplied, distributed

11  and otherwise marketed asbestos containing products, equipment and systems with original

12  and replacement asbestos-containing products, components, and integral parts; that

13  defendants and DOES 1 through 400 inclusive specified and required the use of such original

14  and replacement asbestos containing parts and components that were integral to their

15  respective asbestos containing products' normal use and operation and that by design such

16  normal use and operation directly created, generated, released and exposed plaintiff

17  WILLIAM LIVERNOIS to asbestos-containing dust, debris, fiber and particulate from such

18  integral, specified, necessary and required asbestos products and components; that as a direct

19  and proximate result of all of the above, plaintiff WILLIAM LIVERNOIS was exposed by

20  defendants and DOES 1 through 400, inclusive to asbestos-containing dust, debris, fiber and

21  particulate which increased his risk of developing the mesothelioma and asbestos disease(s)

22  from which he now suffers.

23      8.    Plaintiff hereby waives any claims against Defendants **CARRIER**

24  **CORPORATION**, individually and as successor-in-interest to DAY & NIGHT COOLING

25  SYSTEMS, BRYANT HEATING & COOLING SYSTEMS and PAYNE HEATING &

26  COOLING SYSTEMS; **CBS CORPORATION**, f/k/a VIACOM, INC., successor by merger

27  to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION as

28  successor in interest to BF STURTEVANT; **CLEAVER-BROOKS, INC.** f/k/a Aqua-Chem

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 15 -

1    Inc.; **CRANE CO.**; and **METALCLAD INSULATION LLC** f/k/a METALCLAD

2    INSULATION CORPORATION, relating to or arising out of Plaintiff's asbestos exposure at

3    military and federal government jobsites or from U.S. military vessels or equipment or at the

4    direction of a federal officer or agent of a federal officer.

5          9.    Plaintiff is informed and believes, and thereon alleges, that asbestos related

6    diseases such as mesothelioma, lung cancer, asbestosis, scarring of the lungs and pleural

7    plaques are progressive lung diseases caused by cumulative inhalation of asbestos fibers

8    without perceptible trauma and that said diseases result from exposure to asbestos and

9    asbestos products over a period of time.

10         10.    As set forth herein this complaint, and as a result of plaintiff WILLIAM

11   LIVERNOIS's asbestos exposure to the products of and/or on the premises of defendants

12   and DOES 1 through 400, and each of them, inclusive, plaintiff WILLIAM LIVERNOIS was

13   diagnosed with mesothelioma on or about January, 2018, which is life threatening,

14   debilitating and likely terminal, and plaintiff continues to endure great physical pain and

15   suffering, mental anguish, loss of enjoyment of life and the loss of earnings, earning capacity

16   and attendant medical expenses; all to the plaintiff's general and special damage in excess of

17   the jurisdictional limits of the unlimited Court.

18   <u>**FIRST CAUSE OF ACTION**</u>

19   **NEGLIGENCE**

20   **(Against All Product Defendants and DOES 1 through 400)**

21         11.    Plaintiff re-alleges and incorporates here by reference, as though fully set forth

22   at length herein, all of the allegations of paragraphs 1 through 10 above, inclusive.

23         12.    Plaintiff WILLIAM LIVERNOIS was a worker and end user who used,

24   handled or was otherwise exposed to asbestos, asbestos containing products and/or products

25   designed to be used in association with asbestos products of, and/or products that created an

26   asbestos hazard, and/or safety equipment intended to block the entry of asbestos fibers,

27   and/or by virtue of the creation of asbestos dust and failure to protect from asbestos dust,

28   and/or on or about the premises of and by, including, but not limited to: **AIR & LIQUID**

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

SYSTEMS CORPORATION, a subsidiary of AMPCO-PITTSBURGH CORPORATION, individually and as successor by merger to BUFFALO PUMPS, INC., individually and successor in interest to BUFFALO FORGE COMPANY (for pumps, insulation, gaskets, and packing); **ALBAY CONSTRUCTION COMPANY** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **ALLIED FLUID PRODUCTS CORP.** individually and as successor in interest to ALLIED PACKING & SUPPLY, INC. (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **A.O. SMITH WATER PRODUCTS CO.** (for hot water tanks, boilers, insulation, gaskets, and packing); **ARMSTRONG INTERNATIONAL, INC.** (for steam traps, strainers, insulation, gaskets, and packing); **ARNTZ BROS.** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust);   **ARNTZ BUILDERS, INC.** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **ASBESTOS CORPORATION LIMITED** (for fiber supply); **AURORA PUMP COMPANY** (for pumps, insulation, gaskets, and packing); **BASCO DRYWALL & PAINTING CO.** (for construction products); **BLACKMER PUMP COMPANY** (for pumps, insulation, gaskets, and packing); **BRAND INSULATIONS, INC.** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **BROADSPECTRUM DOWNSTREAM SERVICES, INC.** individually and as successor in interest to TIMEC COMPANY, INC. and THE INDUSTRIAL MAINTENANCE ENGINEERING CONTRACTING COMPANY (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **BURNHAM, LLC** as successor to BURNHAM CORPORATION (for HVAC, furnace/boiler systems, insulation, gaskets, and packing); **BW/IP, INC.**, individually and as successor in interest to BYRON JACSON PUMP CO. (for pumps, insulation, gaskets, and packing); **CARRIER**

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST  SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 17 -

CORPORATION, individually and as successor-in-interest to DAY & NIGHT COOLING SYSTEMS, BRYANT HEATING & COOLING SYSTEMS and PAYNE HEATING & COOLING SYSTEMS (for generators, insulation, gaskets, and packing); **CBS CORPORATION**, f/k/a VIACOM, INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION as successor in interest to BF STURTEVANT (for pumps, turbines, insulation, gaskets, and packing); **CERTAINTEED CORPORATION** (for pipe, insulation, gaskets, and packing); **CLA-VAL CO.**, a division of GRISWOLD INDUSTRIES (for insulation, gaskets, and packing); **CLEAVER-BROOKS, INC.** f/k/a Aqua-Chem Inc. (for boilers, insulation, gaskets, and packing); **COPELAND CORPORATION LLC**, individually and successor-in-interest to COPELAND CORPORATION (for HVAC, furnace/boiler systems, insulation, gaskets, and packing); **CRANE CO.** (for Cranite gaskets, insulation, and packing); **DAP, INC.** k/n/a LA MIRADA PRODUCTS CO., INC. (for construction products); **DILLINGHAM CONSTRUCTION, N.A., INC.**, individually and as successor-in-interest to C. NORMAN PETERSON CO. (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **EATON CORPORATION**, individually and as successor to CUTLER-HAMMER, INC. (for electrical panels, phenolics and arc shields); **ELLIOTT COMPANY** aka ELLIOTT TURBOMACHINERY CO., INC. (for pumps, turbines, insulation, gaskets, and packing); **FLOWSERVE US INC.**, individually and as successor in interest to EDWARD VALVE, INC. (for valves, insulation, gaskets, and packing); **FLUOR CORPORATION**, individually and as successor-in-interest to FLUOR CONSTRUCTION COMPANY; THE FLUOR CORPORATION, LTD; and FLUOR ENGINEERING AND CONSTRUCTION COMPANY, LTD. (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **FLUOR ENTERPRISES, INC.** individually and as successor-in-interest to FLUOR ENGINEERS AND CONSTRUCTORS, INC.; and FLUOR ENGINEERING AND CONSTRUCTION COMPANY, LTD. (for gaskets, packing, insulation, asbestos products,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1800 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 18 -

1  construction products, negligently creating asbestos dust and failing to protect from asbestos
2  dust); **FMC CORPORATION**, individually and as successor in interest to NORTHERN
3  PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS COMPANY, CHICAGO
4  PUMP COMPANY, and PEERLESS PUMP COMPANY (for pumps, turbines, insulation,
5  gaskets, and packing); **FOSTER WHEELER, LLC**, as successor in interest to FOSTER
6  WHEELER CORPORATION and FOSTER WHEELER ENERGY CORPORATION (for
7  boilers, economizers, insulation, gaskets, and packing); **FRASER'S BOILER SERVICE,**
8  **INC.** (for gaskets, packing, insulation, asbestos products, construction products, negligently
9  creating asbestos dust and failing to protect from asbestos dust); **FRYER-KNOWLES,**
10  **INC., A CALIFORNIA CORPORATION** (for gaskets, packing, insulation, asbestos
11  products, construction products, negligently creating asbestos dust and failing to protect from
12  asbestos dust); **FRYER-KNOWLES, INC., A WASHINGTON CORPORATION** (for
13  gaskets, packing, insulation, asbestos products, construction products, negligently creating
14  asbestos dust and failing to protect from asbestos dust); **GARDNER DENVER, INC.** f/k/a
15  GARDNER DENVER MACHINERY, INC. (for pumps, insulation, gaskets, and packing);
16  **GENERAL ELECTRIC COMPANY** (for pumps, turbines, insulation, gaskets, and
17  packing); **GOODRICH CORPORATION**, f/k/a THE B.F. GOODRICH COMPANY (for
18  Goodrich asbestos gaskets, Cranite and Durabla, insulation, and packing); **GOULDS**
19  **PUMPS, INC.** (for pumps, insulation, gaskets, and packing); **GRINNELL LLC**, d/b/a
20  GRINNELL CORPORATION (for pumps, valves, pipe,  insulation, gaskets, and packing);
21  **HILL BROTHERS CHEMICAL COMPANY** (for insulation, gaskets, packing, decking,
22  fiber supply, and creating asbestos dust); **IMO INDUSTRIES, INC.**, individually and as
23  successor in interest to DELAVAL STEAM TURBINE COMPANY, ENTERPRISE
24  ENGINE & FOUNDRY COMPANY, ADEL PRECISION PRODUCTS CORP. (for pumps,
25  turbines, insulation, gaskets, and packing); **INGERSOLL-RAND COMPANY**, individually
26  and as successor in interest to TERRY STEAM TURBINE COMPANY (for pumps,
27  insulation, gaskets, and packing); **INVENSYS SYSTEMS, INC.** f/k/a THE FOXBORO
28  COMPANY (for Foxboro valves, instruments, gaskets and insulation, gaskets, and packing

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST  SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 19 -

at land based facilities); **ITT CORPORATION**, individually and as successor in interest to FOSTER ENGINEERING COMPANY and BELL & GOSSETT COMPANY (for pumps, valves, turbines, insulation, gaskets, and packing); **JERGUSON GAGE & VALVE COMPANY** (for gages, sight glasses on land based boilers, vessels, insulation, gaskets, and packing); **J-M MANUFACTURING COMPANY, INC.** (for pipe, insulation, gaskets, and packing); **J.T. THORPE & SON, INC.** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **KEELER DORR OLIVER BOILER COMPANY** (for boilers, insulation, gaskets, and packing); **LENNOX INDUSTRIES, INC.** (for HVAC, furnace/boiler systems, insulation, gaskets, and packing); **LEVITON MANUFACTURING CO., INC.** (for electrical equipment, insulation, gaskets, and packing); **M. SLAYEN & ASSOCIATES** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **METALCLAD INSULATION LLC f/k/a METALCLAD INSULATION CORPORATION** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **NATIONAL STEEL AND SHIPBUILDING COMPANY** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **OSCAR E. ERICKSON, INC.** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **OTIS ELEVATOR COMPANY** (for elevators, friction, brakes, insulation, gaskets, and packing); **OWENS-ILLINOIS, INC.**, individually and as successor in interest to OWENS-ILLINOIS GLASS COMPANY (for pumps, insulation, gaskets, and packing); **PARSONS CORPORATION** individually and as successor in interest to PARSONS INFRASTRUCTURE & TECHNOLOGY GROUP INC. and THE RALPH M. PARSONS COMPANY (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **PARSONS GOVERNMENT SERVICES INC.** individually and as successor in interest to PARSONS

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 20 -

INFRASTRUCTURE & TECHNOLOGY GROUP INC. and THE RALPH M. PARSONS COMPANY (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **PEERLESS INDUSTRIES, INC.** (for boilers, insulation, gaskets, and packing);  **PETROCHEM INSULATION, INC.** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **PLANT PRODUCTS & SUPPLY CO.** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **RHEEM MANUFACTURING COMPANY** (for HVAC, furnace/boiler systems, insulation, gaskets, and packing); **SANTA FE BRAUN, INC.**, individually and as successor in interest to C.F. BRAUN & CO. and C.F. BRAUN, INC. (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **SEQUOIA VENTURES INC.**, formerly known as BECHTEL CORPORATION (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **SID E. PARKER BOILER MANUFACTURUING COMPANY, INC.** dba PARKER COMPANY (for boilers, insulation, gaskets, and packing); **SPIRAX SARCO, INC.**, individually and as successor in interest to SARCO COMPANY (for steam traps, insulation, gaskets, and packing); **STERLING FLUID SYSTEMS (USA) LLC**, individually and as successor in interest to PEERLESS PUMP COMPANY (for pumps, insulation, gaskets, and packing); **SWINERTON BUILDERS** individually and as successor in interest to SWINERTON & WALBERG (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **SWINERTON, INC.** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **SYD CARPENTER, MARINE CONTRACTOR, INC.** (for gaskets, packing, insulation, asbestos products, construction products, negligently creating asbestos dust and failing to protect from asbestos dust); **TACO, INC.** (for pumps, insulation, gaskets, and packing);

- 21 -

PLAINTIFF'S COMPLAINT

1  TECUMSEH PRODUCTS COMPANY (for HVAC, furnace/boiler systems, insulation,
2  gaskets, and packing); **TEMPORARY PLANT CLEANERS, INC.** individually and as
3  successor in interest to PLANT MAINTENANCE INC. OF CALIFORNIA (for gaskets,
4  packing, insulation, asbestos products, construction products, negligently creating asbestos
5  dust and failing to protect from asbestos dust); **THE GOODYEAR TIRE & RUBBER**
6  **COMPANY** (for Cranite, insulation, gaskets, and packing); **THE NASH ENGINEERING**
7  **COMPANY** (for pumps, insulation, gaskets, and packing); **THE FAIRBANKS**
8  **COMPANY** (for valves, insulation, gaskets, and packing); **THE WM. POWELL**
9  **COMPANY** (for pumps, valves, insulation, gaskets, and packing); **THOMAS DEE**
10 **ENGINEERING CO., INC.** (for gaskets, packing, insulation, asbestos products,
11 construction products, negligently creating asbestos dust and failing to protect from asbestos
12 dust); **TRANE U.S. INCORPORATED,** f/k/a AMERICAN STANDARD
13 INCORPORATED, individually and as successor to KEWANEE BOILER CORP. and
14 AMERICAN BLOWER COMPANY (for boilers, insulation, gaskets, and packing);
15 **TRIPLE A MACHINE SHOP, INC.** (for gaskets, packing, insulation, asbestos products,
16 construction products, negligently creating asbestos dust and failing to protect from asbestos
17 dust); **VELAN VALVE CORPORATION,** individually and as successor in interest to
18 VELAN STEAM TRAP CORPORATION (for valves, steam traps, insulation, gaskets, and
19 packing); **VIKING PUMP, INC.** (for pumps, insulation, gaskets, and packing); **WARREN**
20 **PUMPS, LLC,** f/k/a WARREN PUMPS, INC., individually and as successor in interest to
21 QUIMBY PUMP COMPANY (for pumps, insulation, gaskets, and packing); **WEIR**
22 **VALVES & CONTROLS USA, INC.,** f/k/a and individually and as successor-in-interest to
23 ATWOOD & MORRILL (for Atwood & Morrill valves, insulation, gaskets, and packing);
24 **YORK INTERNATIONAL CORPORATION,** individually and as successor-in-interest to
25 CENTRAL ENVIRONMENTAL SYSTEMS, INC., f/k/a BORG-WARNER CENTRAL
26 ENVIRONMENTAL SYSTEMS, INC., YORK-LUXAIRE, INC., LUXAIRE, INC., and
27 THE C.A. OLSEN MANUFACTURING COMPANY and d/b/a "MONCRIEF
28 FURNACES" d/b/a YORK HEATING & AIR CONDITIONING (for HVAC, furnace/boiler

- 22 -

PLAINTIFF'S COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   systems, insulation, gaskets, and packing); **ZURN INDUSTRIES LLC**, individually and
2   successor to ERIE CITY IRON WORKS a/k/a ERIE CITY BOILERS (for land based
3   boilers, insulation, gaskets, and packing), and DOES 1 through 400, and each of them
4   inclusive (hereafter "Product Defendants"), in a manner that was reasonably foreseeable to
5   said defendants.

6         13.    At all times herein mentioned, the Product Defendants, and each of them, were
7   engaged in the business of researching, studying, manufacturing, fabricating, designing,
8   developing, labeling, assembling, distributing, supplying, leasing, buying, offering for sale,
9   selling, inspecting, servicing, repairing, installing, demolishing, contracting for installation,
10  contracting others to install, repairing, marketing, warranting, rebranding, manufacturing for
11  others, packaging and advertising a certain substance, the generic name of which is asbestos
12  and/or products containing asbestos and/or products which created an asbestos hazard, or are
13  engaged in the business of manufacturing, fabricating, designing, assembling, distributing,
14  selling, and marketing of safety equipment, including respiratory protective devices which
15  were intended to block the entry of asbestos fibers into the bodies of workers who were
16  exposed to asbestos in the workplace and other locations.

17        14.    At all times herein mentioned, the Product Defendants, and each of them,
18  negligently and carelessly researched, tested or failed to test, warned or failed to warn, failed
19  to recall or retrofit, failed to provide protective measures to prevent take home exposure,
20  failed to warn of the dangers to those who come in contact with users, manufactured and/or
21  caused to be manufactured, fabricated, designed, developed, labeled, assembled, distributed,
22  supplied, leased, bought, offered for sale, sold, inspected, serviced, repaired, installed,
23  demolished, contracted for installation, contracted others to install, repaired, marketed,
24  warranted, rebranded, manufactured for others, packaged and advertised asbestos and/or
25  products containing asbestos and/or products which created an asbestos hazard, and/or safety
26  equipment intended to block the entry of asbestos, and those products did, in fact,
27  proximately cause personal injuries to users, consumers, workers, persons working around or
28  living with persons working with or around such products, and others including plaintiff

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 23 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1   WILLIAM LIVERNOIS, while being used in a manner that was intended by or otherwise

2   reasonably foreseeable to said defendants, thereby rendering said products unsafe and

3   dangerous for use by the consumers, users, bystanders or workers exposed thereto.

4          15.    At all times herein mentioned, the Product Defendants, and each of them, had a

5   duty to exercise reasonable care while engaging in the activities mentioned above and said

6   Defendants breached said duty of reasonable care in that Product Defendants, and each of

7   them, failed to safely and adequately design, manufacture and/or sell said defendants'

8   products; failed to test said products; failed to investigate the hazards of said products; failed

9   to recall or retrofit; failed to provide protective measures to prevent take home exposure;

10   failed to warn those persons who would be exposed, failed to warn of the dangers to those

11   who come in contact with users, including plaintiff WILLIAM LIVERNOIS, of the health

12   hazards of using said defendants' products; failed to disclose the known or knowable dangers

13   of using said defendants' products; failed to obtain suitable alternative materials to asbestos

14   when such alternatives were available; and as otherwise stated herein.

15          16.    On or before 1932, and thereafter, the Product Defendants, and each of them,

16   were aware and knew of the dangers associated with breathing asbestos containing dust, and

17   said defendants also were aware and knew that users of asbestos and asbestos products, as

18   well as members of the general public who would be exposed to asbestos and asbestos-

19   containing products, had no knowledge or information indicating that asbestos could cause

20   injury, and said defendants knew that the users of asbestos and asbestos-containing products,

21   as well as members of the general public who were exposed to asbestos and asbestos-

22   containing products, would assume, and in fact did assume, that exposure to asbestos and

23   asbestos-containing products was safe, when in fact said exposure was extremely hazardous

24   to human life; and propagated misinformation intended to instill in users of the Product

25   Defendants' products a false security about the safety of said defendants' products.

26          17.    The Product Defendants, and each of them, knew and failed to disclose that

27   plaintiff WILLIAM LIVERNOIS and anyone similarly situated, upon inhalation of asbestos

28   would, in time, have a substantial risk of developing irreversible conditions of

- 24 -

PLAINTIFF'S COMPLAINT

1   pneumoconiosis, asbestosis, mesothelioma and/or cancer, and said defendants knew and
2   failed to disclose that inhalation of asbestos would cause pathological effects without
3   noticeable trauma to the public, including buyers, users, and physicians such that physicians
4   could not examine, diagnose and treat those who were exposed to asbestos, including
5   plaintiff.

6        18.    The Product Defendants, and each of them, despite said defendants knowledge
7   of the substantial risks associated with exposure to asbestos, willfully and knowingly
8   concealed and actively suppressed and promoted the suppression from all consumers,
9   including plaintiff WILLIAM LIVERNOIS, medical and scientific information concerning
10  the health hazards associated with inhalation of asbestos, including the substantial risk of
11  injury or death therefrom in conscious disregard of the rights, safety and welfare of users,
12  consumers, workers, persons working around or living with persons working with or around
13  such asbestos and asbestos-containing products, and others including plaintiff WILLIAM
14  LIVERNOIS.

15       19.    Rather than attempting to protect users and workers from, or warn workers and
16  users of, the high risk of injury or death resulting from exposure to asbestos and asbestos-
17  containing products, the Product Defendants, and each of them, intentionally failed to reveal
18  their knowledge of said risk, fraudulently, consciously and actively concealed and
19  suppressed said knowledge from members of the general public that asbestos and asbestos
20  products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of
21  said implied representations.  Said defendants propagated misinformation to instill a false
22  sense of security and safety to instill in users a false sense of security about the safety of their
23  products.

24       20.    In researching, testing, manufacturing, distributing, labeling, installing and
25  marketing said products, the Product Defendants, and each of them, did so with conscious
26  disregard for the safety of the users of said products, in that said defendants had specific
27  prior knowledge that there was a high risk of injury or death resulting from exposure to
28  asbestos or asbestos-containing products, including but not limited to mesothelioma.  Said

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 25 -
PLAINTIFF'S COMPLAINT

1  knowledge was obtained, in part, from scientific studies, government data, and medical data

2  to which said defendants had access, as well as scientific studies performed by, at the request

3  of, or with the assistance of, said defendants, and which knowledge was obtained by said

4  defendants on or before 1932, and thereafter.

5       21.   The above referenced conduct of Product Defendants, and each of them, was

6  motivated by the financial interest of said defendants in the continuing, uninterrupted

7  distribution and marketing of asbestos and asbestos-containing products.  In pursuance of

8  said financial motivation, said defendants consciously disregarded the safety of the users of,

9  and persons exposed to, asbestos and asbestos-containing products, and were in fact,

10  consciously willing to permit asbestos and asbestos-containing products to cause injury to

11  workers and users thereof, and persons exposed thereto, including plaintiff.

12      22.   With said knowledge, Product Defendants, and each of them, opted to

13  manufacture, distribute and install said asbestos and asbestos-containing products without

14  attempting to protect users from or warn users of, the high risk of injury or death resulting

15  from exposure to asbestos and asbestos products.

16      23.   Plaintiff was not aware that exposure to asbestos presented any risk of injury

17  and/or disease to WILLIAM LIVERNOIS, and had not been advised or informed by anyone

18  that he could contract any disease, sickness or injury as a result of working in the vicinity of

19  asbestos.

20      24.   Product Defendants, and each of them, were aware that such dust created an

21  increased risk of asbestos disease for all users, consumers, or others who breathed said

22  asbestos-containing dust.

23      25.   Plaintiff is informed and believes, and based thereon alleges, that the injuries

24  complained of herein were proximately caused by the negligence of the Product Defendants,

25  and each of them, in that said defendants knew or should have known that the asbestos dust

26  would be generated and released from their asbestos-containing products during the regular

27  and intended uses of such asbestos products, and that said asbestos-containing products and

28  the asbestos dust exposure there from created an increased risk of asbestos disease for all

- 26 -

PLAINTIFF'S COMPLAINT

1  users, consumers, or others, including plaintiff, who breathed said asbestos-containing dust

2  which said defendants knew or should have known was harmful to the body and health of

3  persons installing, handling, and using asbestos and asbestos-containing products, as well as

4  to persons in the immediate vicinity of such installation, use and handling, and that such

5  asbestos products and dust were capable of causing and did, in fact, cause personal injuries

6  to users, consumers and others, while being used in a manner reasonably foreseeable, thereby

7  rendering said substance unsafe and dangerous for use by plaintiff.

8       26.   Plaintiff is informed and believes, and based thereon alleges, that the injuries

9  complained of herein were proximately caused by the negligence of the Product Defendants,

10  and each of them, in that said defendants failed to take reasonable care to warn the plaintiff

11  of the danger and harm to which he was exposed while installing, handling and otherwise

12  using said products, as well as while he was in the vicinity of the use, installation, and

13  handling of said products, and failed to specify, recommend, supply, install, sell, and use

14  readily available substitutes which do not and did not pose the danger to human health.

15       27.   The conduct of the Product Defendants, and each of them, as described in this

16  cause of action was a substantial factor and a legal cause of the injuries and damages

17  sustained by plaintiff, and that said defendants demonstrated such an entire want of care as to

18  establish that their acts and omissions were the result of actual conscious indifference to the

19  rights, safety, and welfare of plaintiff WILLIAM LIVERNOIS, and that such intentional acts

20  and omissions were substantial factors in causing his disease and injuries.

21       28.   As a direct and proximate result of the aforesaid conduct of said Product

22  Defendants, and each of them, plaintiff WILLIAM LIVERNOIS has suffered, and continues

23  to suffer, permanent injuries to his person, body and health all to his general damage in a

24  sum in excess of the jurisdictional limits of this unlimited Court.

25       29.   As a direct and proximate result of the aforesaid conduct of said Product

26  Defendants, and each of them, plaintiff WILLIAM LIVERNOIS was and will be compelled

27  to and did employ medical services in an amount which has not as yet been fully ascertained

28  and which will be asserted according to proof at trial.

- 27 -

PLAINTIFF'S COMPLAINT

30.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, plaintiff has and/or will suffer loss of income and earnings, past, present and future and earning capacity in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

31.     As a direct and proximate result of the aforesaid conduct of said Product Defendants, and each of them, plaintiff did necessarily incur and in the future will incur incidental expenses and damages in an amount which has not as yet been fully ascertained and which will be asserted according to proof at trial.

32.     In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries.  As the above referenced conduct complained of in this complaint of said Product Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff WILLIAM LIVERNOIS and of workers exposed to asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of punishing said defendants, seek punitive damages according to proof.

### SECOND CAUSE OF ACTION

### BREACH OF EXPRESS AND IMPLIED WARRANTIES

#### (Against All Product Defendants and DOES 1 through 400)

33.     Plaintiff re-alleges and incorporates here by reference, as though fully set forth at length herein, all of the allegations of paragraphs 1 through 32 above, inclusive.

34.     Defendants and DOES 1 through 400, and each of them, inclusive, sold and/or

- 28 -

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  otherwise supplied the asbestos containing products, materials and equipment to Plaintiff

2  and/or his employers.

3      35.   That in connection with the manufacture, preparation, sale, specification,

4  installation, use, and supply of asbestos products, Product Defendants, and each of them,

5  expressly and impliedly warranted that said products were of good and merchantable quality

6  and fit for their intended use. However, in truth and in fact, said products contained harmful

7  and deleterious asbestos fibers, known to the defendants herein, to be defective and harmful

8  to humans exposed thereto.

9      36.   Said products were not and are not suitable for the purposes for which said

10  products were intended, supplied, and relied upon, nor suitable for any other similar purpose,

11  including their use by human beings in confined spaces where humans would be physically

12  present, working, resting or breathing.

13      37.   Plaintiff relied on the express and implied warranties of Product Defendants,

14  and each of them, in the use of and exposure to said asbestos and asbestos products, and

15  plaintiff WILLIAM LIVERNOIS was using and/or exposed to said asbestos in a reasonably

16  foreseeable intended manner.

17      38.   Product Defendants, and each of them, breached the above-described express

18  and implied warranties in that said substance was defective, which defects permitted and/or

19  caused said substance to seriously and permanently cause injury to plaintiff while using said

20  substance in a manner that was reasonably foreseeable.

21      39.   The breaches of warranties by the Product Defendants, and each of them, as

22  described in this cause of action was a substantial factor and a legal cause of the injuries and

23  damages sustained by plaintiff.

24      40.   As a direct and proximate result of the above-described breaches of warranties

25  by said Product Defendants, and each of them, plaintiff WILLIAM LIVERNOIS suffered

26  severe and permanent injuries to his person, and plaintiff suffered damages as alleged above.

27      41.   In particular, plaintiff would show that, as alleged here in this cause of action

28  and throughout this complaint, that such intentional, grossly wanton acts and omissions by

- 29 -

PLAINTIFF'S COMPLAINT

1    said Product Defendants, and DOES 1 through 400, and each of them, and their officers,

2    directors, and managing agents, inclusive, were substantial factors in, and participated in,

3    authorized, expressly and impliedly ratified, and had full knowledge of or should have

4    known, each of the acts set forth here causing his disease and injuries.   As the above

5    referenced conduct complained of in this complaint of said Product Defendants, and DOES 1

6    through 400, and each of them, and their officers, directors, and managing agents, inclusive,

7    was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product

8    Defendants, and each of them, inclusive, demonstrated such an entire want of care as to

9    establish that their acts and omissions were the result of actual conscious indifference to the

10   rights, safety, and welfare of plaintiff WILLIAM LIVERNOIS and of workers exposed to

11   asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of

12   punishing said defendants, seek punitive damages according to proof.

13                        <u>THIRD CAUSE OF ACTION</u>

14                        STRICT LIABILITY IN TORT

15        (**Against All Product Defendants and DOES 1 through 400**)

16        42.    Plaintiff re-alleges and incorporates here by reference, as though fully set forth

17   at length herein, all of the allegations of paragraphs 1 through 41 above, inclusive.

18        43.    At all times mentioned herein, the Product Defendants, and each of them,

19   manufactured, fabricated, designed, developed, labeled, assembled, distributed, supplied,

20   leased, bought, offered for sale, sold, inspected, serviced, repaired, installed, demolished,

21   contracted for installation, contracted others to install, repaired, marketed, warranted,

22   rebranded, manufactured for others, packaged and advertised asbestos and/or products

23   containing asbestos and/or products which created an asbestos hazard, and/or safety

24   equipment intended to block the entry of asbestos fibers, and that asbestos and/or products

25   containing asbestos and/or products which created an asbestos hazard and/or safety

26   equipment intended to block the entry of asbestos fibers were defective in that they were not

27   as safe as an ordinary consumer of such products would expect; and that the gravity of the

28   potential harm resulting from the use of the defective products of the Product Defendants,

WEITZ & LUXENBERG P. C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

and each of them, and the risk of said asbestos and asbestos-containing products outweighed any benefit of the said defendants' design, when safer alternative designs and materials existed and were available that could and should have been substituted and used instead of the deadly asbestos, including providing adequate warning of such potential harm.

44.    At all times mentioned herein, the Product Defendants, and each of them, were aware of the dangerous and defective nature of asbestos and asbestos-containing products when they were used in their intended or reasonably foreseeable manner.

45.    The Product Defendants, and each of them, placed said asbestos products on the market, knowing the asbestos-containing products would be used without inspection for such defects and unsafe conditions, and that said defendants nonetheless took no action to warn or otherwise protect exposed persons, including plaintiff, who foreseeable would be exposed to these defective and inadequately labeled asbestos and asbestos-containing products.

46.    The asbestos and asbestos-containing products, components and assemblies of the Product Defendants, and each of them, were substantially the same as when they left said defendants' possession.

47.    The aforementioned asbestos and asbestos-containing products of the Product Defendants, and each of them, were used by plaintiff and exposed persons in the manner for which they were intended or in a manner that was or would be reasonably foreseeable; and that plaintiff WILLIAM LIVERNOIS was exposed to said asbestos and asbestos-containing products in a manner foreseeable to said defendants.

48.    The dangers inherent in breathing asbestos-containing dust and the dangers inherent in asbestos-containing products, components and assemblies were unknown and unforeseeable to plaintiff WILLIAM LIVERNOIS, and plaintiff had not been advised or informed by anyone that he could contract any disease, sickness or injury as a result of working in the vicinity of asbestos.

49.    The failure to warn by and the product defect in the asbestos and asbestos-containing products of Product Defendants, and each of them, were substantial factors and a

WEITZ & LUXENBERG P. C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1  legal cause of plaintiff WILLIAM LIVERNOIS's injuries and damages thereby sustained by

2  plaintiff, and that said defendants demonstrated such an entire want of care as to establish

3  that their acts and omissions were the result of actual conscious indifference to the rights,

4  safety, and welfare of plaintiff WILLIAM LIVERNOIS, and that such intentional acts and

5  omissions were substantial factors in causing his disease and injuries.

6       50.   As a direct and proximate result of the aforesaid conduct of said Product

7  Defendants, and each of them, plaintiff WILLIAM LIVERNOIS suffered severe and

8  permanent injuries to his person, and plaintiff suffered damages as alleged above.

9       51.   In particular, plaintiff would show that, as alleged here in this cause of action

10  and throughout this complaint, that such intentional, grossly wanton acts and omissions by

11  said Product Defendants, and DOES 1 through 400, and each of them, and their officers,

12  directors, and managing agents, inclusive, were substantial factors in, and participated in,

13  authorized, expressly and impliedly ratified, and had full knowledge of or should have

14  known, each of the acts set forth here causing his disease and injuries.  As the above

15  referenced conduct complained of in this complaint of said Product Defendants, and DOES 1

16  through 400, and each of them, and their officers, directors, and managing agents, inclusive,

17  was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Product

18  Defendants, and each of them, inclusive, demonstrated such an entire want of care as to

19  establish that their acts and omissions were the result of actual conscious indifference to the

20  rights, safety, and welfare of plaintiff WILLIAM LIVERNOIS and of workers exposed to

21  asbestos and asbestos products, such that, plaintiff, for the sake of example, and by way of

22  punishing said defendants, seek punitive damages according to proof.

23                    FOURTH CAUSE OF ACTION

24              PREMISES OWNER/CONTRACTOR LIABILITY

25           (Against All Premises Defendants and DOES 1 through 400)

26       52.   Plaintiff re-alleges and incorporates here by reference, as though fully set forth

27  at length herein, all of the allegations of paragraphs 1 through 51 above, inclusive.

28       53.   Plaintiff WILLIAM LIVERNOIS entered, performed work and was otherwise

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 32 -

on or about the premises of DOES 1 through 400, and each of them, inclusive (hereafter "Premises Defendants), including performing that which was to defendants' benefit and advantage and at defendants' request and invitation.  In so doing, plaintiff WILLIAM LIVERNOIS was exposed to dangerous asbestos fibers.

54.    At all times herein mentioned, the Premises Defendants, and each of them, were the owners, lessors, operators, managers, general contractors, subcontractors or otherwise controlled and maintained certain premises or portions thereof, on which asbestos and asbestos-containing products were fabricated, constructed, manufactured, mixed, processed, milled, crushed, dumped, piled, disposed of, installed, maintained, used, repaired, replaced or otherwise disturbed (hereafter "use(d), handl(ed)(ing) or disturb(ed)(ance)") by their own workers and/or by various contractors, so as to allow and cause and as a result, dangerous airborne asbestos fibers were present on and about said premises while and/or prior to the times plaintiff WILLIAM LIVERNOIS was present creating a hazardous condition upon said premises.

55.    At all times herein mentioned, the Premises Defendants, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that the contractors and/or subcontractors hired and/or retained were not competent, that the premises in their control would be used as alleged without knowledge of, or inspection for, defects or dangerous conditions and that the persons working on or using said premises would not be aware of the aforesaid hazardous conditions on the premises to which they were exposed.

56.    At all times mentioned herein, the Premises Defendants, and each of them, negligently failed to maintain, manage, inspect, survey, or control said premises, or to abate or correct, or to warn plaintiff WILLIAM LIVERNOIS of the existence of the aforesaid dangerous conditions and hazards on said premises.

57.    At all times herein mentioned, the Premises Defendants, and each of them, knew, negligently and carelessly used asbestos-containing products in construction and renovation, hired contractors or subcontractors, created and/or approved building, specifications, supervised or failed to supervise contractors and subcontractors, researched or

WEITZ S, LUXENBERG P. C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST - SUITE 700
LOS ANGELES CALIFORNIA 90067

1  failed to research, tested or failed to test, warned or failed to warn, failed to recall or retrofit,

2  labeled or failed to label, failed to provide protection for, failed to provide a safe work place,

3  failed to provide adequate safety measures, devices and equipment, failed to provide

4  adequate ventilation, failed to provide adequate signs, used asbestos-containing products in

5  construction and renovation and failed to provide sufficient protection to plaintiff from

6  hazards of asbestos, the danger of which said defendants were aware.

7      58.    At all times herein mentioned, the asbestos-containing products, including but

8  not limited to, asbestos-containing building materials and products to be used, handled

9  and/or disturbed on the premises of Premises Defendants, and each of them, caused personal

10  injuries to users, consumers, workers and others, including plaintiff WILLIAM

11  LIVERNOIS, while being used, removed and/or handled in a manner reasonably foreseeable,

12  thereby rendering these premises unsafe and dangerous to consumers, users, bystanders or

13  workers exposed thereto, including plaintiff WILLIAM LIVERNOIS.

14      59.    At all times herein mentioned, the Premises Defendants, and each of them,

15  knew and could foresee that asbestos and asbestos-containing products used, handled and/or

16  disturbed on the said defendants' premises, and the asbestos dust, debris, fiber and

17  particulate released from the same, created an unreasonable risk of harm to persons entering

18  upon or present near or about the premises of said defendants.

19      60.    At all times herein mentioned, the Premises Defendants, and each of them,

20  knew and could reasonably foresee, or in the exercise of ordinary care should have known,

21  that said premises would be entered by persons, including plaintiff WILLIAM LIVERNOIS,

22  without knowledge of, or inspection for, defects or dangerous conditions and that said

23  persons would not be aware of the aforesaid unreasonable risk of harm.

24      61.    At all times herein mentioned, the Premises Defendants, and each of them,

25  knew and reasonably could foresee, or in the exercise of ordinary care should have known,

26  that the asbestos dust, debris, fiber and particulate released into the ambient air on and about

27  the premises of said defendants generated from the same above-described use, handling

28  and/or disturbance of the asbestos and asbestos-containing products, including asbestos-

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 34 -

laden waste derived from the premises of said defendants, was dangerous and created an

unreasonable risk of harm to persons entering upon or being present near or about the

premises of said defendants.

62.    At all times herein mentioned, the Premises Defendants, and each of them, had

a duty to disclose the presence of, and the dangers and hazards presented by and associated

with the asbestos-containing products and the asbestos fibers released and generated from the

same above-described use, handling and/or disturbance thereof on and about the premises of

said defendants.

63.    At all times herein mentioned, the Premises Defendants, and each of them, had

a duty to disclose the presence of, and the dangers and hazards presented by and associated

with the asbestos dust, debris, fiber and particulate released into the ambient air on and about

the premises of said defendants, including asbestos-laden waste derived from the premises of

said defendants.

64.    At all times herein mentioned, the Premises Defendants, and each of them, had

a duty to properly remove and/or abate said asbestos at these facilities before or during his

presence, but failed to do so. The unreasonably dangerous conditions at these facilities was

of such a nature and existed long enough so that it was, or reasonably should have been,

discovered and corrected by a premises owner using reasonable care.

65.    At all times herein mentioned, plaintiff was continuously exposed to asbestos

and asbestos-containing dust while on or about the premises of the Premises Defendants

without the provision of appropriate safeguards by said defendants who had the duty

responsibility for such.

66.    Despite the knowledge by the Premises Defendants, and each of them, of the

aforesaid risks of harm from asbestos and asbestos products generally, and from the asbestos

dust, debris, fiber and particulate in the ambient air on or about the premises of said

defendants generated from the same above-described use, handling and/or disturbance of

asbestos and asbestos-containing products on and about the premises of said defendants, said

Premises Defendants, and each of them, failed to disclose or warn persons forseeably

- 35 -

PLAINTIFF'S COMPLAINT

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

1    exposed to asbestos, including plaintiff, of those asbestos hazards and dangers.

2       67.    Plaintiff WILLIAM LIVERNOIS was unaware of the risk of harm created by

3 the aforesaid presence of asbestos products and materials on said premises of the Premises

4 Defendants, and each of them; and plaintiff was also unaware of the unreasonable risk of

5 harm created by the aforesaid dangerous asbestos dust, debris, fiber and particulate in the

6 ambient air on and about the premises of said defendants.

7       68.    At all times herein mentioned, the Premises Defendants, and each of them,

8 retained control of the work and negligently failed to implement, and/or failed to have others

9 implement, proper safety precautions, and/or the use of proper work practices to guard

10 against those asbestos hazards on the premises of said defendants thereby creating an

11 unreasonable risk of harm to persons entering or being on, about or around said asbestos-

12 contaminated premises.

13       69.    Despite said knowledge, defendants, including Premises Defendants, and each

14 of them, misrepresented that their premises were safe and free of defects, and/or failed to

15 disclose, and concealed, the presence of the asbestos dust, debris, fiber and particulate in the

16 ambient air on or about the premises of said defendants generated from the same above-

17 described use, handling and/or disturbance of asbestos and asbestos-containing products on

18 and about the premises of said defendants, including asbestos-laden waste derived from the

19 premises of said defendants, thereby creating an unreasonable risk of harm to persons

20 entering said premises and other exposed persons, including plaintiff.

21       70.    In reliance upon the foregoing acts, omissions and representations, plaintiff

22 WILLIAM LIVERNOIS entered and was present upon and/or performed work on said

23 premises of the Premises Defendants, and each of them, which was to defendants' benefit

24 and advantage and at defendants' request and invitation; whereupon there was dangerous

25 asbestos dust, debris, fiber and particulate in the ambient air as a result of the same above-

26 described use, handling and/or disturbance of asbestos and asbestos-containing products on

27 and about the premises of said defendants, including asbestos-laden waste derived from the

28 premises of said defendants. In so doing, plaintiff was exposed to dangerous asbestos fibers

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 36 -

1  for which Premises Defendants are liable.

2      71.    At all times herein mentioned, despite the knowledge by the Premises
3  Defendants, and each of them, of the aforesaid risk of harm from asbestos and/or asbestos
4  products on or from its premises, said defendants retained control of the work and
5  negligently failed to implement, and/or failed to have others implement, proper safety
6  precautions, and/or the use of proper work practices to guard against those asbestos hazards
7  from the same above-described use, handling and/or disturbance of asbestos and/or asbestos
8  products on or from said defendants' premises creating an unreasonable risk of harm to
9  persons entering or being on, about or around said asbestos-contaminated premises.

10     72.    At all times herein mentioned, the Premises Defendants, and each of them,
11 were aware and knew of the dangers associated with breathing asbestos containing dust, and
12 that users of asbestos and asbestos products, as well as persons entering or being on, about or
13 around the premises who would be exposed to asbestos and asbestos-containing products,
14 had no knowledge or information indicating that asbestos could cause injury, and said
15 Premises Defendants knew that the users of asbestos and asbestos-containing products, as
16 well as persons entering or being on, about or around the premises who were exposed to
17 asbestos and asbestos-containing products, would assume, and in fact did assume, that
18 exposure to asbestos and asbestos-containing products was safe, when in fact said exposure
19 was extremely hazardous to human life; and intended to instill a false security about the
20 safety of the premises.

21     73.    The Premises Defendants, and each of them, knew and failed to disclose that
22 plaintiff WILLIAM LIVERNOIS and anyone similarly situated, upon inhalation of asbestos
23 would, in time, have a substantial risk of developing irreversible conditions of
24 pneumoconiosis, asbestosis, mesothelioma and/or cancer, and knew and failed to disclose
25 that inhalation of asbestos would cause pathological effects without noticeable trauma to the
26 public, including buyers, users, and physicians such that physicians could not examine,
27 diagnose and treat those who were exposed to asbestos, including plaintiff.

28

74.    Despite said Premises Defendants knowledge of the substantial risks associated with exposure to asbestos, willfully and knowingly concealed and actively suppressed and promoted the suppression from all consumers and persons entering or being on said premises, including plaintiff WILLIAM LIVERNOIS, medical and scientific information concerning the health hazards associated with inhalation of asbestos, including the substantial risk of injury or death therefrom in conscious disregard of the rights, safety and welfare of users, consumers, workers, persons working on around the premises or living with persons entering or being on, about or around said asbestos-contaminated premises.

75.    Rather than attempting to protect, or warn persons entering or being on, about or around the premises, the high risk of injury or death resulting from exposure to asbestos and asbestos-containing products, the Premises Defendants, and each of them, intentionally failed to reveal their knowledge of said risk, fraudulently, consciously and actively concealed and suppressed said knowledge from persons entering or being on, about or around the premises that asbestos and asbestos products were unsafe for all reasonably foreseeable use, with the knowledge of the falsity of said implied representations.    Said defendants propagated misinformation to instill a false sense of security and safety to instill in persons entering or being on, about or around the premises a false sense of security about the safety of the premises.

76.    In so doing, the Premises Defendants, and each of them, did so with conscious disregard for the safety of persons entering or being on, about or around the premises, in that said defendants had specific prior knowledge that there was a high risk of injury or death resulting from exposure to asbestos or asbestos-containing products being used on the premises, including but not limited to mesothelioma.  Said knowledge was obtained, in part, from scientific studies, government data, and medical data to which said defendants had access, as well as scientific studies performed by, at the request of, or with the assistance of, said defendants, and which knowledge was obtained by said defendants on or before 1932, and thereafter.

77.    The above referenced conduct of said Premises Defendants, and each of them,

- 38 -

PLAINTIFF'S COMPLAINT

1   was motivated solely by the financial interest of said defendants and in pursuance of said

2   financial motivation, said defendants consciously disregarded the safety of the users of, and

3   persons exposed to, asbestos and asbestos-containing products, and were in fact, consciously

4   willing to permit asbestos and asbestos-containing products to cause injury to workers and

5   users thereof, and persons exposed thereto, including plaintiff.

6        78.   With said knowledge, said Product Defendants, and each of them, opted to

7   manufacture, distribute and install said asbestos and asbestos-containing products.

8        79.   Despite the knowledge by the Premises Defendants, and each of them, of the

9   aforesaid risk of harm from asbestos and/or asbestos products on or from its premises, and

10  without attempting to protect persons entering or being on, about or around the premises of

11  the high risk of injury or death resulting from exposure to asbestos the said defendants'

12  premises, the Premises Defendants, and each of them, negligently provided unsafe

13  equipment, products and materials, including, but not limited to, asbestos and asbestos-

14  containing products, to workers and others, including plaintiff WILLIAM LIVERNOIS,

15  which created a risk of harm to persons entering said premises and persons exposed to

16  asbestos dust, debris, fiber and particulate from the asbestos and asbestos-containing

17  products used, handled or disturbed as hereinabove described on the premises of Premises

18  Defendants.

19       80.   The unreasonably dangerous conditions at the premises of the Premises

20  Defendants was of such a nature and existed long enough so that it was, or reasonably should

21  have been, discovered and corrected by said defendants using reasonable care.

22       81.   As a consequence, exposed persons, including plaintiff, entered and performed

23  work in and on said premises which was to defendants' benefit and advantage and at

24  defendants' request and invitation.  In so doing and as a consequence thereof, plaintiff was

25  exposed to dangerous quantities of asbestos dust, debris, fiber and particulate from the

26  premises of Premises Defendants.

27       82.   Plaintiff was unaware of the risk of harm created by the aforesaid presence of

28  asbestos products and materials on said premises and negligent provision of equipment,

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST  SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 39 -

products and materials, including, but not limited to, asbestos and asbestos-containing products.

83.     The conduct of Premises Defendants, and each of them, were a substantial factor and a legal cause of plaintiff WILLIAM LIVERNOIS's injuries and damages thereby sustained by plaintiff, and that said defendants demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff WILLIAM LIVERNOIS, and that such intentional acts and omissions were substantial factors in causing his disease and injuries.

84.     Plaintiff WILLIAM LIVERNOIS's injuries and disease were the result of intentional acts and/or omissions, gross negligence and malice in the use of asbestos at the premises of the Premises Defendants, and each of them, in that said defendants had a duty to properly remove and/or abate said asbestos at these facilities before or during his presence, but failed to do so.

85.     As a direct and proximate result of the aforesaid conduct of said Premises Defendants, and each of them, plaintiff WILLIAM LIVERNOIS suffered severe and permanent injuries to his person, and plaintiff suffered damages as alleged above.

86.     In particular, plaintiff would show that, as alleged here in this cause of action and throughout this complaint, that such intentional, grossly wanton acts and omissions by said Premises Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, were substantial factors in, and participated in, authorized, expressly and impliedly ratified, and had full knowledge of or should have known, each of the acts set forth here causing his disease and injuries.  As the above referenced conduct complained of in this complaint of said Premises Defendants, and DOES 1 through 400, and each of them, and their officers, directors, and managing agents, inclusive, was and is vile, base, willful, malicious, fraudulent, oppressive, outrageous, and said Premises Defendants, and each of them, inclusive, demonstrated such an entire want of care as to establish that their acts and omissions were the result of actual conscious indifference to the rights, safety, and welfare of plaintiff WILLIAM LIVERNOIS and of

WEITZ & LUXENBERG P.C.
A PROFESSIONAL CORPORATION
LAW OFFICES
1880 CENTURY PARK EAST, SUITE 700
LOS ANGELES, CALIFORNIA 90067

- 40 -

PLAINTIFF'S COMPLAINT

1   workers exposed to asbestos and asbestos products, such that, plaintiff, for the sake of

2   example, and by way of punishing said defendants, seek punitive damages according to

3   proof.

4       **WHEREFORE**, plaintiff prays judgment against defendants, and DOES 1 through

5   400, and each of them, inclusive, as follows:

6       1.  For general damages according to proof;

7       2.  For special damages according to proof;

8       3.  For medical and related expenses according to proof;

9       4.  For loss of income, earning capacity, earning potential according to proof;

10      5.  For exemplary or punitive damages according to proof;

11      6.  For costs of suit herein;

12      7.  For prejudgment interest on all damages as allowed by laws; and

13      8.  For such other and further relief as the Court deems just and proper.

14  DATED: May 4, 2018.              WEITZ & LUXENBERG, P.C.

15

16                                  BY:_____

17                                      ROBERT GREEN
                                        Attorneys for Plaintiff

18

19                          **DEMAND FOR JURY TRIAL**

20      Plaintiff demands a jury trial on all issues.

21  DATED: May 4, 2018.              WEITZ & LUXENBERG, P.C.

22

23                                  BY:_____

24                                      ROBERT GREEN
                                        Attorneys for Plaintiff

25

26

27

28

- 41 -

PLAINTIFF'S COMPLAINT