Edward R. Hugo [State Bar No. 134839]
Tina M. Glezakos [Bar No. 229928]
Heather Sweeney Kirkpatrick [Bar No. 278647]
HUGO PARKER, LLP
240 Stockton Street, 8th Floor
San Francisco, CA 94108
Telephone: (415) 808-0300
Facsimile: (415) 808-0333
Email: service@HUGOPARKER.com

Attorneys for Defendant
SWINERTON BUILDERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LIVERNOIS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | Case No. 4:19-cv-02277-SBA<br><br>DEFENDANT SWINERTON BUILDERS' NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT |

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant SWINERTON BUILDERS ("Swinerton") respectfully re-files its state court answer to Plaintiffs' Complaint, previously filed on May 1, 2019 in Alameda County Superior Court, Case No. RG18904408.  Swinerton's state court answer is attached hereto as Exhibit A.


Dated:  May 14, 2019                    HUGO PARKER, LLP


By: _____
Edward R. Hugo
Tina M. Glezakos
Heather Sweeney Kirkpatrick
Attorneys for Defendant
SWINERTON BUILDERS

# EXHIBIT A

1  Edward R. Hugo [State Bar No. 134839]
   Tina M. Glezakos [Bar No. 229928]
2  HUGO PARKER, LLP
   240 Stockton Street, 8th Floor
3  San Francisco, CA 94108
   Telephone: (415) 808-0300
4  Facsimile: (415) 808-0333
   Email:  service@HUGOPARKER.com
5
   Attorneys for Defendant
6  SWINERTON BUILDERS

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              COUNTY OF ALAMEDA – UNLIMITED JURISDICTION

9

10 WILLIAM LIVERNOIS, an individual,        (ASBESTOS)
                                            Case No. RG18904408
11             Plaintiff,
                                            DEFENDANT SWINERTON BUILDERS'
12     vs.                                  ANSWER TO PLAINTIFF'S COMPLAINT
                                            FOR DAMAGES
13 AIR & LIQUID SYSTEMS
   CORPORATION, et al.,
14
               Defendants.
15

16          COMES NOW Defendant SWINERTON BUILDERS ("Defendant") denying liability

17 for itself and any alternate entities named in the complaint, and answering Plaintiff's

18 Complaint for Damages – Asbestos (hereinafter the "Complaint"), on file herein, admits,

19 denies, and alleges as follows:

20                              **GENERAL DENIAL**

21          Under the provisions of Section 431.30(d), California Code of Civil Procedure, this

22 answering Defendant denies each and every allegation of Plaintiff's Complaint and the

23 whole thereof, and denies that Plaintiff has been damaged in any sum or amount

24 whatsoever, or at all, and further denies that Plaintiff is entitled to recover damages of any

25 kind in any amount whatsoever from Defendant.

26                **RESERVATION OF RIGHT TO TRIAL BY JURY**

27          Defendant reserves the right to a trial by jury.

28

HUGO PARKER, LLP
240 STOCKTON STREET
8TH FLOOR
San Francisco, CA 94108

1
DEFENDANT SWINERTON BUILDERS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Failure to State a Cause of Action

This answering Defendant alleges that Plaintiff's Complaint, and each of the causes of action for relief alleged therein, fails to state a cause of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Contravention of Defendant's Constitutional Rights to Due Process of Law

The Complaint and each cause of action thereof, which is admittedly based upon a lack of identification of the manufacturer of, and contractor using or distributing the alleged injury-causing product, fails to state facts sufficient to constitute a cause of action in that Plaintiff has asserted a claim for relief which, if granted, would contravene Defendant's constitutional rights to substantive and procedural due process of law as preserved for Defendant by the Fourteenth Amendment of the United States Constitution and by Article I, Section 7, of the Constitution of the State of California.

### THIRD AFFIRMATIVE DEFENSE

Denial of Defendant's Constitutional Rights to Equal Protection of the Laws

The Complaint, and each cause of action thereof, fails to state facts sufficient to constitute a cause of action in that Plaintiff has asserted claims for relief which, if granted, would constitute a denial by this Court of Defendant's constitutional right to equal protection of the laws as preserved by the Fourteenth Amendment of the United States Constitution and by Article I, Section 7, of the Constitution of the State of California.

### FOURTH AFFIRMATIVE DEFENSE

Unconstitutional Taking of Private Property for Public Use Without Just Compensation

The Complaint, and each cause of action thereof, which is admittedly based upon a lack of identification of the manufacturer, and contractor using or distributing the alleged injury-causing product, fails to state facts sufficient to constitute a cause of action in that Plaintiff has asserted claims for relief which, if granted, would constitute the taking of

private property for public use without just compensation in contravention of the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 and 19, of the Constitution of the State of California, and the applicable California statutes.

FIFTH AFFIRMATIVE DEFENSE

Comparative Fault

This answering Defendant alleges that the damages, if any, complained of by Plaintiff, were proximately caused by the negligence, fault, breach of contract and/or strict liability of Plaintiff or other defendants, firms, persons, corporations, unions, employers and entities other than Defendant, and that said negligence, fault, breach of contract and/or strict liability comparatively reduces the percentage of any negligence, fault, breach of contract or strict liability for which Defendant is legally responsible, if any be found, which liability  this Defendant expressly denies.  Further, this answering Defendant alleges that Plaintiff did not exercise ordinary care, caution or prudence to avoid the incidents complained of herein, and said incidents and the injuries and damages, if any, sustained by Plaintiff, were directly and proximately caused and contributed to by the carelessness and negligence of Plaintiff.

SIXTH AFFIRMATIVE DEFENSE

Contributory Negligence

This answering Defendant alleges that Plaintiff did not exercise ordinary care, caution or prudence to avoid the incidents complained of herein, and said incidents and the injuries and damages, if any, sustained by Plaintiff, were directly and proximately caused and contributed to by the carelessness and negligence of Plaintiff.

SEVENTH AFFIRMATIVE DEFENSE

Uncertainty

This answering Defendant alleges that Plaintiff's Complaint and all purported causes of action therein are vague, ambiguous and uncertain, and fail to state a cause of action on any theory.

1

### EIGHTH AFFIRMATIVE DEFENSE

2

#### Laches

3
4
5

This answering Defendant alleges that Plaintiff unreasonably delayed in bringing this action and that such delay substantially prejudiced Defendant, and that this action is therefore barred by the Doctrine of Laches.

6

### NINTH AFFIRMATIVE DEFENSE

7

#### Statute of Limitations

8
9
10
11
12
13

This answering Defendant alleges that Plaintiff's Complaint and the purported causes of action therein are barred by all statutes of limitation, including, but not limited to, the provisions of California Code of Civil Procedure §§ 338, 338.1, 339(1), 340, 340(3) and 340.2, 343, 352, 366.1, 366.2 and California Commercial Code § 2725. Plaintiff's claims are further barred by the statute of limitations of states other than California pursuant to California Code of Civil Procedure § 361.

14

### TENTH AFFIRMATIVE DEFENSE

15

#### Failure to Mitigate

16
17
18
19

This answering Defendant alleges that Plaintiff failed to mitigate damages which Plaintiff contend Plaintiff suffered, and Plaintiff is therefore barred from any recovery whatsoever, or alternatively, any damages found must be reduced in proportion to such failure to mitigate.

20

### ELEVENTH AFFIRMATIVE DEFENSE

21

#### Estoppel

22
23
24

This answering Defendant alleges that as a result of the acts, conduct and/or omissions of Plaintiff and Plaintiff's agents, or any of them, and each cause of action presented therein, is barred under the Doctrine of Estoppel.

25

### TWELFTH AFFIRMATIVE DEFENSE

26

#### Waiver

27
28

This answering Defendant alleges that Plaintiff, by Plaintiff's acts, conduct and omissions, has waived the claims alleged in Plaintiff's Complaint and in each purported

cause of action alleged therein.

THIRTEENTH AFFIRMATIVE DEFENSE

Acquiescence

Plaintiff acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of this answering Defendant, thus barring Plaintiff from any relief as prayed for herein.

FOURTEENTH AFFIRMATIVE DEFENSE

Notice of Dangers

Plaintiff was advised, informed, and warned of any potential hazards and/or dangers, if there were any, associated with the normal or foreseeable use, handling, storage and in place asbestos of the products, substances, equipment and at premises in which exposure is claimed as is described in the Complaint and are therefore barred from any relief prayed for.

FIFTEENTH AFFIRMATIVE DEFENSE

Compliance with Statutes

This answering Defendant alleges that all of its conduct and activities as alleged in the Plaintiff's Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at all relevant times.

SIXTEENTH AFFIRMATIVE DEFENSE

Compliance with Specifications

This answering Defendant alleges that the asbestos products or asbestos used or in place at any premises, if any, for which Defendant had any legal responsibility, were manufactured, packaged, distributed or sold in accordance with contract specifications imposed by its co-defendants, by the U.S. Government, by the State of California, by Plaintiff's employers, or by third parties yet to be identified.

SEVENTEENTH AFFIRMATIVE DEFENSE

No Conspiracy

This answering Defendant alleges that Defendant has no liability for the acts,

omissions or otherwise of any other defendant or entity because Defendant did not become legally responsible for the acts of any such defendant, nor entity, by any communication, alleged, implied, or actual, nor act, action, or activity, and never was, nor is, a conspirator nor co-conspirator with any other Defendant or entity.

EIGHTEENTH AFFIRMATIVE DEFENSE

State-of-the-Art

This answering Defendant alleges that all of its activities, products, materials and its premises at issue here at all times were conducted, used, produced, marketed, and operated in conformity with the existing scientific, medical industrial hygiene and consumer knowledge, art and practice and state-of-the-art.

NINETEENTH AFFIRMATIVE DEFENSE

No Foreseeable Risk to Plaintiff

The state of the medical, scientific, and industrial knowledge and practice was at all material times such that Defendant neither breached any alleged duty owed to Plaintiff, nor knew, nor could have known, that its activities, materials, products, activities or premises presented a foreseeable risk of harm to Plaintiff in the normal and expected course of such activities and use of such materials and products.

TWENTIETH AFFIRMATIVE DEFENSE

No Right to Control

This answering Defendant alleges that any loss, injury, or damage incurred by Plaintiff was proximately and legally caused by the negligent or willful acts or omissions of parties which Defendant neither controlled, nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of Defendant.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Action for Relief

This answering Defendant alleges the causes of action, if any, attempted to be stated and set forth in the Complaint, are barred by the provisions of the Code of Civil Procedure of the State of California and/or other statutes of the State of California, including without

1  limitation C.C.P. § 338(d).

2  <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

3  <u>Misuse and Improper Use of Products</u>

4  This answering Defendant alleges that if Plaintiff allegedly suffered injuries

5  attributable to the disturbance or use of any product for which Defendant had any legal

6  responsibility, which allegations are expressly herein denied, the injuries were solely

7  caused by, and attributable to the unreasonable, unforeseeable, and inappropriate purpose

8  and improper use and abuse which was made of said product by persons or entities other

9  than Defendant.

10  <u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

11  <u>Due Care and Diligence</u>

12  This answering Defendant alleges that Defendant exercised due care and diligence

13  in all of the matters alleged in the Complaint, and no act or omission by Defendant was the

14  proximate cause of any damage, injury or loss to Plaintiff.

15  <u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

16  <u>Alteration and Misuse of Product</u>

17  This answering Defendant alleges that an insubstantial amount, if any at all, of the

18  products containing asbestos distributed, used, supplied by Defendant or used or in place

19  at any premises owned or controlled by Defendant, were not disturbed or used in the

20  presence of Plaintiff and not supplied to Plaintiff, and if so, were substantially altered by

21  others and/or used in a manner inconsistent with the labeled directions.

22  <u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

23  <u>Equal or Greater Knowledge of Hazards</u>

24  This answering Defendant alleges that any and all products containing asbestos

25  used, distributed or supplied by Defendant were distributed or supplied to, or for, persons

26  or entities who had knowledge with respect to the hazards, if any, resulting from exposure

27  to products containing asbestos, which knowledge is equal to or greater than the

28  knowledge of Defendant.

1

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### Other Parties' Liability and Negligence

This answering Defendant alleges that if there was any negligence or any other form of liability on the part of any of the parties named herein, it was the sole and exclusive negligence and liability of the other persons or entities and not of Defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### Apportionment and Offset

This answering Defendant is informed and believes and thereon alleges that Plaintiff's acts and omissions, including Plaintiff's agents, servants, and employees acting within the course and scope of employment, and others, contributed to the alleged damages, injury, or loss, if any, sustained by Plaintiff.  Defendant requests that the Court apply the principles of apportionment and offset so as to permit the Court or jury to apportion liability according to fault and to grant Defendant a corresponding offset against any damages awarded to Plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### Contribution/Equitable Indemnity

This answering Defendant alleges, in the event it is held liable to Plaintiff, any such liability is expressly herein denied, and any other co-defendants are likewise held liable, Defendant is entitled to a percentage contribution of the total liability from said co-defendants in accordance with the principles of equitable indemnity and comparative contribution.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### Assumption of Risk by Plaintiff's Employer(s)

This answering Defendant alleges that the Complaint and each cause of action alleged therein are barred on the grounds that Plaintiff' employer or employers knowingly entered into and engaged in the operations, acts and conduct alleged in the Complaint, and voluntarily and knowingly assumed all of the risks incident to said operations, acts and conduct at the time and place mentioned in the Complaint.

1    THIRTIETH AFFIRMATIVE DEFENSE

2    Assumption of Risk

3        This answering Defendant alleges Plaintiff assumed the risk of the matters referred

4    to in Plaintiff's Complaint and that Plaintiff knew and appreciated the nature of the risk

5    and that Plaintiff voluntarily accepted this risk.

6    THIRTY-FIRST AFFIRMATIVE DEFENSE

7    No Market Share

8        This answering Defendant alleges that Defendant did not have an appreciable share

9    of the market for the asbestos-containing products which allegedly caused Plaintiff's

10   injuries, which occurrence Defendant expressly denies.  Accordingly, Defendant may not

11   be held liable to Plaintiff based on its alleged share of the applicable product market.

12   THIRTY-SECOND AFFIRMATIVE DEFENSE

13   Plaintiff Fails to Join a Substantial Market Share

14       The Complaint, and each cause of action thereof, fails to state facts sufficient to

15   constitute a cause of action against this answering Defendant, in that Defendant has failed

16   to join a substantial market share of the producers or products to which Plaintiff was

17   allegedly exposed.

18   THIRTY-THIRD AFFIRMATIVE DEFENSE

19   Insufficient Facts to Show Substantial Market Share of this Defendant

20       To the extent the Complaint asserts Defendant's alleged "alternative," "market

21   share," or "enterprise" liability, the Complaint fails to state facts sufficient to constitute a

22   cause of action against this Defendant.

23   THIRTY-FOURTH AFFIRMATIVE DEFENSE

24   Independent, Intervening or Superseding Cause

25       This answering Defendant alleges that if Plaintiff suffered any injuries attributable to

26   the use of any product containing asbestos which was used, distributed or sold by

27   Defendant, which allegations are expressly denied herein, the injuries were solely caused

28   by an unforeseeable, independent intervening and/or superseding event beyond the control

1  and unrelated to any conduct of Defendant.  Defendant's actions, if any, were superseded

2  by the negligence and wrongful conduct of others.

3  THIRTY-FIFTH AFFIRMATIVE DEFENSE

4  Not a Substantial Factor

5  This answering Defendant alleges that the Complaint and each cause of action

6  therein presented are barred on the grounds that the products, conduct, materials or

7  premises of Defendant as referred to in Plaintiff's Complaint, if any, were not a substantial

8  factor in bringing about the injuries and damages complained of by Plaintiff and did not

9  increase the risk that Plaintiff would suffer the injuries and damages complained of.

10  THIRTY-SIXTH AFFIRMATIVE DEFENSE

11  Insufficient Exposure

12  Any exposure of Plaintiff to Defendant's activities, products or exposure to asbestos

13  or asbestos-containing products at Defendant's premises was so minimal as to be

14  insufficient to establish by a reasonable degree of probability that any such product caused

15  any alleged injury, damage, or loss to Plaintiff.

16  THIRTY-SEVENTH AFFIRMATIVE DEFENSE

17  No Successor Liability

18  This answering Defendant alleges that Defendant has no liability for the acts,

19  omissions or otherwise of any other Defendant or any other entity because Defendant did

20  not become legally responsible for the acts of any such Defendant or entity given the facts

21  and circumstances of the pertinent transactions and never was, nor is, a successor-in-

22  interest, a successor-in-liability or an alternate entity for any other user, manufacturer,

23  supplier, seller, distributor or premises holder relating to asbestos or asbestos-containing

24  products.

25  THIRTY-EIGHTH AFFIRMATIVE DEFENSE

26  Lack of Privity

27  This answering Defendant alleges that Plaintiff has  failed to state a cause of action in

28  that the Complaint fails to allege that there was privity between Defendant on the one

hand, and Plaintiff on the other, and furthermore, such privity did not exist between Defendant on the one hand, and Plaintiff on the other.

THIRTY-NINTH AFFIRMATIVE DEFENSE

Secondary Assumption of Risk

This answering Defendant alleges that any and all products containing asbestos used, distributed or supplied by Defendant were used, distributed or supplied to, or for, persons or entities who had knowledge with respect to the hazards, if any, resulting from exposure to products containing asbestos, which is equal to or greater than, the knowledge of Defendant, *i.e.* Defendant's liability should be reduced in proportion to the knowledge of Plaintiff.

FORTIETH AFFIRMATIVE DEFENSE

Civil Code Section 1431.2

This answering Defendant alleges that the provisions of California Civil Code § 1431.2 (commonly referred to as "Proposition 51") are applicable to Plaintiff's Complaint and to each cause of action therein.

FORTY-FIRST AFFIRMATIVE DEFENSE

Workers' Compensation Exclusive Remedy

This answering Defendant alleges that the Complaint is barred by the exclusivity provisions of the California Workers' Compensation laws, including, but not limited to, California Labor Code §§ 3600, *et seq.*

FORTY-SECOND AFFIRMATIVE DEFENSE

Offset for Workers' Compensation Benefits

This answering Defendant alleges that to the extent Plaintiff herein recovered, or in the future may recover, any monies in connection with any claim for workers' compensation benefits, any amounts recovered in this action are subject to a claim by Defendant for a credit or offset.

HUGO PARKER, LLP
240 STOCKTON STREET
8TH FLOOR
San Francisco, CA 94108

11

DEFENDANT SWINERTON BUILDERS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

FORTY-THIRD AFFIRMATIVE DEFENSE

Express Contractual Indemnity

This answering Defendant alleges that if Plaintiff's claim exposure to asbestos or asbestos-containing products at a Defendant premises, Defendant contracted with Plaintiff and/or Plaintiff's employer(s) for them to fully assume all responsibility for ensuring Plaintiff's safety, to guarantee that no hazardous condition existed, and/or to warn and protect against any such conditions, during the performance of Plaintiff's work, and, further, to fully indemnify Defendant, and to hold Defendant harmless, for all responsibility and liability arising out of said work, and/or any injuries allegedly incurred by Plaintiff as a result of any of said work.  Defendant reserves all rights to assert these provisions of contractual indemnity.

FORTY-FOURTH AFFIRMATIVE DEFENSE

Consent

This answering Defendant alleges that at all times mentioned, Plaintiff consented to the alleged acts or omissions of Defendant.

FORTY-FIFTH AFFIRMATIVE DEFENSE

Unusual Susceptibility

This answering Defendant alleges that each of Plaintiff's injuries and damages, if any, were proximately caused or contributed to by Plaintiff's unforeseeable idiosyncratic condition, unusual susceptibility, or hypersensitivity reactions for which Defendant is not liable.

FORTY-SIXTH AFFIRMATIVE DEFENSE

Good Faith

This answering Defendant alleges that Plaintiff's claim for punitive damages is barred because Defendant at all times and places mentioned in the Complaint acted reasonably and in good faith, and without malice or oppression towards Plaintiff.

1
2
3
4
5
6
7
8
9
10
11
12

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### Sophisticated User

This answering Defendant alleges that, as the California Supreme Court ruled in *Johnson v. American Standard* (2008) 43 Cal.4th 56, Defendant was under no legal duty to warn Plaintiff of the hazard associated with the use of products containing asbestos or their existence at any premises owned, operated, controlled or otherwise by Defendant, as purchasers of said products, Plaintiff, Plaintiff's employers, Plaintiff's unions, and/or certain third parties yet to be identified, were knowledgeable and sophisticated users and were in a better position to warn Plaintiff of the risk associated with using products containing asbestos and, assuming a warning was required, it was the failure of such persons or entities to give such a warning that was the proximate and superseding cause of Plaintiff's damages, if any.

13
14

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

### Work Hazard Precautions

15
16
17
18
19
20

This answering Defendant alleges that Plaintiff's employer(s) was/were advised and warned of any potential hazards and/or dangers associated with the normal and foreseeable conduct with, or storage and disposal of the products referred to in the Complaint, in a manner which was adequate notice to an industrial user of such product to enable it to inform its employees to take appropriate work precautions to prevent injurious exposure.

21
22

### FORTY-NINTH AFFIRMATIVE DEFENSE

### Failure to Join Indispensable Parties

23
24
25

Plaintiff herein has failed to join indispensable parties (California Code of Civil Procedure, § 389) and the Complaint is thereby defective, and Plaintiff is thereby precluded from any recovery whatsoever as prayed for herein.

26
27

### FIFTIETH AFFIRMATIVE DEFENSE

### No Standing Under California Civil Code §§ 1708-1710

28

Plaintiff has no standing nor right to sue for fraud and conspiracy, breach of

warranty, deceit, or any cause of action under California Civil Code, §§ 1708-1710, and therefore the Complaint and each cause of action thereof fails to state facts sufficient to constitute a cause of action against this answering Defendant.

FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff Not Real Party in Interest

Plaintiff herein lacks legal capacity to sue and is not a real party in interest and is thereby precluded from any recovery whatsoever as prayed for herein.

FIFTY-SECOND AFFIRMATIVE DEFENSE

Fraud and Conspiracy are Not Separate Forms of Damages

Fraud and conspiracy do not constitute a separate and distinct form of damages from general damages, and, therefore, the prayer for fraud and conspiracy in addition to general damages does not sufficiently support or constitute a separate claim for damages against this answering Defendant, but is simply cumulative and included in general damages.

FIFTY-THIRD AFFIRMATIVE DEFENSE

Failure to Allege with Particularity

This answering Defendant alleges that Plaintiff's Complaint fails to set out its claims with sufficient particularity to permit Defendant to raise all appropriate defenses and, thus, Defendant reserves the right to add additional defenses as the factual basis for these claims becomes known.

FIFTY-FOURTH AFFIRMATIVE DEFENSE

Punitive Damage Prohibited

This answering Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to support an award of punitive or exemplary damages against Defendant.  The Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

1

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

2

### Punitive Damages Prohibited

3        This answering Defendant alleges that the Complaint, to the extent that it seeks

4   punitive or exemplary damages, violates Defendant's right to protection from excessive

5   fines as provided in the Eighth Amendment of the United States Constitution and Article I,

6   Section 17 of the Constitution of the State of California, and violates Defendant's right to

7   substantive due process as provided in the Fifth and Fourteenth Amendments of the

8   United States and California Constitutions, and thus fails to state a cause of action

9   supporting an award of punitive or exemplary damages.

10

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

11

### Punitive Damages Prohibited

12        The causes of action asserted herein by Plaintiff fail to state facts sufficient to

13   constitute a cause of action in that Plaintiff has asserted claims for punitive damages which,

14   if granted, would violate the prohibition against laws impairing the obligation of contracts

15   set forth in Article I, Section 10, of the United States Constitution.

16

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

17

### Punitive Damages Prohibited

18        Plaintiff's claim for punitive or exemplary damages, if any, alleged by Plaintiff is

19   barred by the "double jeopardy" clause of the Fifth Amendment to the United States

20   Constitution, as applied to the States through the Fourteenth Amendment.

21

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

22

### Negligent Hiring Claim Invalid

23        An employee of an independent contractor may not pursue a claim for negligent

24   hiring against a hirer of the independent contractor.  (See *Camargo v. Tjaarda Dairy* (2001) 25

25   Cal. 4th 1235.)

26

## FIFTY-NINTH AFFIRMATIVE DEFENSE

27

### Right to Amend

28        This Defendant will assert any and all additional defenses that arise during the

course of this litigation and reserves the right to amend its answer to assert such defenses.

## SIXTIETH AFFIRMATIVE DEFENSE

### Alternate Unknown Cause

The alleged injuries and damages, if any, may be in whole or in part due to injury, disease or cause other than as alleged.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

### No Concert of Action

There is no concert of action between Defendant and any of the other named defendants.  Defendants are not joint tortfeasors and, accordingly, Defendant may not be held jointly and severally liable with the other named defendants.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

### Plea in Abatement

Plaintiff lacks the legal capacity to proceed and maintain this action and is thereby precluded from any recovery whatsoever as prayed from herein.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

### Work Hazard Precautions

This answering Defendant alleges that Plaintiff's employer(s) was/were advised and warned of any potential hazards and/or dangers associated with the normal and foreseeable conduct with, or storage and disposal of the products referred to in the Complaint, in a manner which was adequate notice to an industrial user of such product to enable it to inform its employees to take appropriate work precautions to prevent injurious exposure.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

### Fraud and Conspiracy are Not Separate Forms of Damages

Fraud and conspiracy do not constitute a separate and distinct form of damages from general damages, and, therefore, the prayer for fraud and conspiracy in addition to general damages does not sufficiently support or constitute a separate claim for damages against this answering Defendant, but is simply cumulative and included in general

damages.

SIXTY-FOURTH AFFIRMATIVE DEFENSE

Failure to Allege with Particularity

This answering Defendant alleges that Plaintiff's Complaint fails to set out its claims with sufficient particularity to permit Defendant to raise all appropriate defenses and, thus, Defendant reserves the right to add additional defenses as the factual basis for these claims becomes known.

SIXTY-FIFTH AFFIRMATIVE DEFENSE

Barred By Doctrine of *Res Judicata*

This Defendant alleges that if Plaintiff's claims were already litigated and resolved in any prior action, Plaintiff's claims herein are barred based on the primary right and *res judicata* doctrine which prohibit splitting a single cause of action into successive suits and prohibit seeking new recovery for injuries for which the Plaintiff was previously compensated by alleged tortfeasors.

SIXTY-SIXTH AFFIRMATIVE DEFENSE

Not A Successor

Defendant denies it is a successor to, or is responsible for, the conduct or liabilities of the alleged alternative entities, with respect to the asbestos exposure alleged herein and, therefore, cannot be responsible for the Plaintiff's alleged injuries.

SIXTY-SEVENTH AFFIRMATIVE DEFENSE

Obvious Danger

This answering Defendant alleges that it was under no legal duty to warn of the hazards associated with the use of products containing asbestos because it is informed and believes and thereon alleges that the dangers were or should have been obvious under the circumstances of this case.

SIXTY-EIGHTH AFFIRMATIVE DEFENSE

Components Parts Doctrine

This answering Defendant alleges that it has no liability for the injuries or damages

1 | sought in this case because the product was a component of another manufacturer's
2 | finished product.

### SIXTY-NINTH AFFIRMATIVE DEFENSE

#### Sophisticated Intermediary

This answering Defendant alleges that it was under no legal duty to warn of the hazards associated with the use of products containing asbestos because it is informed and believes and thereon alleges that a sophisticated intermediary had been provided adequate warnings, or knew or should have been aware of the specific dangers, and this answering Defendant reasonably relied on the intermediary to convey appropriate warnings to downstream users who would encounter the product. (*Webb v. Special Electric Co., Inc.* (2016) 63 Cal.4th 167.)

### **PRAYER**

WHEREFORE, this answering Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of Plaintiff's Complaint or any claims stated therein;

2. That Plaintiff's Complaint and each cause of action contained therein be dismissed with prejudice against Defendant;

3. For costs of suit; and

4. For such other and further relief as the Court deems just and appropriate in the circumstances.

Dated: May 1, 2019                     HUGO PARKER, LLP

                                       By:  /s/ Tina M. Glezakos
                                            Edward R. Hugo
                                            Tina M. Glezakos
                                            Attorneys for Defendant
                                            SWINERTON BUILDERS

1  *Livernois, William v. Air & Liquid Systems Corporation, et al.*
Alameda County Superior Court Case No. RG18904408
2  File & ServeXpress Transaction No.: 63215964

3  PROOF OF SERVICE

4  I am a resident of the State of California, over the age of 18 years, and not a
5  party to the within action.  My electronic notification address is
service@HUGOPARKER.com and my business address is 240 Stockton Street, 8th
6  Floor, San Francisco, California 94108.  On the date below, I served the following:

7  DEFENDANT SWINERTON BUILDERS' ANSWER TO PLAINTIFF'S COMPLAINT
8  FOR DAMAGES

9
10  on the following:

11  WEITZ & LUXENBERG, P.C.          DEFENSE COUNSEL
1880 Century Park East, Suite 700   (via File & ServeXpress Electronic Service
12  Los Angeles, CA  90067           List)
Tel: (310) 247-0921
13  Fax: (310) 786-9927

14  ( X )     **BY ELECTRONIC TRANSMISSION**:  Pursuant to CCP 1010.6 and
CRC 2.251, or pursuant to the Stipulation and Order Authorizing
15           Electronic Service, or by an agreement of the parties. I electronically e-
served through File & ServeXpress and caused the document(s) to be
16           sent to the person(s) at the email addresses designated on the
Transaction Receipt located on the File & ServeXpress website. To the
17           best of my knowledge, at the time of the transmission, the
transmission was reported as complete and without error.
18
19  I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.  Executed on May 1, 2019, at San Francisco,
20  California.

21
22
23  _____
24  Ginger Williams

25
26
27
28

1

### File & ServeXpress Transaction Receipt

| | |
|---|---|
| **File & ServeXpress Transaction ID:** | 63215964 |
| **Submitted by:** | Ginger Williams, Hugo Parker, LLP - San Francisco |
| **Authorized by:** | HP Counsel, Hugo Parker, LLP - San Francisco |
| **Authorize and file on:** | May 1 2019 10:35AM PDT  [i] |

| | |
|---|---|
| **Court:** | CA Superior Court County of Alameda-eService |
| **Division/Courtroom:** | N/A |
| **Case Class:** | Asbestos-In Re: Alameda County Asbestos Litigation |
| **Case Type:** | Asbestos |
| **Case Number:** | RG18904408 |
| **Case Name:** | Livernois, William vs Air & Liquid Systems et al |

| | |
|---|---|
| **Transaction Option:** | Serve Only - Public |
| **Billing Reference:** | 4310-0111 |
| **Read Status for e-service:** | Not Purchased |

**Documents List**

| 2 Document(s) | | | |
|---|---|---|---|
| **Attached Document, 19 Pages** | | | |
| **Document Type:**<br>Answer (Original) | **Access:**<br>Secure Public | **Statutory Fee:**<br>$0.00 | **Linked:** |
| **Document title:**<br>Defendant Swinerton Builders' Answer to Plaintiff's Complaint for Damages | | | |
| **Attached Document, 50 Pages** | | | |
| **Document Type:**<br>Discovery | **Access:**<br>Secure Public | **Statutory Fee:**<br>$0.00 | **Linked:** |
| **Document title:**<br>Defendant Swinerton Builders' Notice of Adoption of Prior Responses to Dieden Interrogatories to All Defendants | | | |

Expand All

[−] **Sending Parties (1)**

| Party | Party Type | Attorney | Firm | Attorney Type |
|---|---|---|---|---|
| Swinerton Builders | Defendant | Agopian, Shaghig | Hugo Parker, LLP - San Francisco | Attorney in Charge |

[+] **Recipients (187)**

  [+] Service List (187)

  [+] Additional Recipients (0)

[+] **Case Parties**

[ Close ]

---

**About File & ServeXpress (http://www.fileandservexpress.com/about-us)**  |  **Resource Center (https://resourcecenter.fileandservexpress.com/resourcecenterwebui/default.aspx?ut=FC)**  |  **FAQs (/FSXMasterPage/FAQ)**  |  **Terms & Conditions (https://secure.fileandservexpress.com/agreement.htm)**  |  **Privacy (http://www.fileandservexpress.com/privacy)**  **Client Support**

☎ 1-888-529-7587 ©2019 File & ServeXpress, LLC. All rights reserved.

✉ support@fileandserve.com (mailto:support@fileandserve.com)

💬 Chat Online

*William Livernois v. Air & Liquid Systems Corporation, et al.*
USDC – Northern District of California, Case No. 4:19-cv-02277-SBA

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to the within action.  My electronic notification address is service@HUGOPARKER.com and my business address is 240 Stockton Street, 8th Floor, San Francisco, California 94108.  On the date below, I served the following:

DEFENDANT SWINERTON BUILDERS' NOTICE OF REFILING STATE COURT ANSWER TO COMPLAINT

on the following:

| | |
|---|---|
| Weitz & Luxenberg, P.C.<br>1880 Century Park East, Suite 700<br>Los Angeles, CA  90067<br>Tel: (310) 247-0921<br>Fax: (310) 786-9927 | DEFENSE COUNSEL OF RECORD<br>(via File & ServeXpress Electronic<br>Service List) |

**X**    By transmitting electronically via CM/ECF the document(s) listed above as set forth on the electronic service list on this date before 5:00 p.m.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on May 14, 2019, at San Francisco, California.

_____
Diana Peng

1