UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAM LIVERNOIS, an individual,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AIR AND LIQUID SYSTEMS CORPORATION, et al.,<br><br>　　　　Defendants. | Case No: C 19-02277 SBA<br><br>Related to<br>Case No: C 18-03735 SBA<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANT NATIONAL STEEL AND SHIPBUILDING COMPANY SHOULD NOT BE DISMISSED AND THE ACTION REMANDED TO STATE COURT** |

On May 4, 2018, Plaintiff William Livernois ("Plaintiff") filed an asbestos personal injury action against more than 80 defendants—including National Steel and Shipbuilding Company ("NASSCO")—in the Alameda County Superior Court, Case No. RG18904408. Notice of Removal ¶ 4, Dkt. 1. On June 5, 2018, in an apparent attempt to avoid removal, Plaintiff voluntarily dismissed NASSCO from the action. Id. ¶ 8. On June 19, 2018, Plaintiff filed a separate action against NASSCO in the United States District Court, Southern District of California, Case No. 18-cv-01326 (the "NASSCO Action").

On June 22, 2018, Defendant Fryer-Knowles, Inc., a Washington Corporation ("FKWA"), removed the state court action to this Court pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute. Case No. 18-03735, Dkt. 1. Following removal, FKWA moved to transfer venue to the Southern District of California for consolidation with the NASSCO Action. Id., Dkt. 203. In an apparent attempt to avoid transfer and a federal forum, Plaintiff moved to dismiss the NASSCO Action without prejudice. The motion was subsequently granted by the Southern District. See id., Dkt. 325.

At the same time, Plaintiff filed a motion in this district for leave to amend his complaint, along with a motion to remand for lack of subject matter jurisdiction. Id.,

Dkt. 224, 225. He sought leave to amend to withdraw all product liability claims against FKWA and several similarly-situated defendants, as well as to remove any reference to NASSCO from the operative complaint. Plaintiff then sought remand on the ground that, once those amendments took effect, federal jurisdiction would no longer exist.

On March 21, 2019, the Court granted Plaintiff's motion to amend and deemed the proposed amended complaint the operative pleading. Id., Dkt. 417. The Court then granted Plaintiff's motion to remand the action to state court on the ground that the amendments eliminated the basis for federal jurisdiction. In light of the remand, the Court denied FKWA's motion to transfer the action as moot.

On March 29, 2019, Plaintiff filed an "Amendment to the Complaint" in state court, wherein he named NASSCO as a defendant in place of fictitiously-named defendant, "DOE 1," pursuant to California Code of Civil Procedure 474. Notice of Removal ¶ 13.[1] The causes of action alleged against DOE 1 are the same as those originally alleged against NASSCO. Id. ¶ 15. On April 26, 2019, NASSCO removed the instant action to this Court pursuant to 28 U.S.C. § 1442(a)(1).

In view of the foregoing, Plaintiff shall show cause why NASSCO should not be dismissed from the action and the action remanded to state court based on the doctrine of judicial estoppel. See New Hampshire v. Maine, 532 U.S. 742, 749-51 (2001) (discussing judicial estoppel, which protects the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment); Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1046 (9th Cir. 2003), as amended (Sept. 22, 2003) (relying on the plaintiff's "characterization of the complaint" in remanding the action to state court, "since judicial estoppel 'bars a party from taking inconsistent positions in the same litigation'").

---

[1] California Code of Civil Procedure section 474 provides that, "when the plaintiff is ignorant of the name of a defendant," he or she may sue the defendant by a fictitious name and later amend the complaint to allege the defendant's true name, once discovered. Plaintiff clearly was not ignorant of NASSCO's identity, since NASSCO was previously named—and later dismissed—in both this action and the NASSCO Action.

Specifically, in moving to amend the complaint and remand the action, Plaintiff sought to omit all reference to NASSCO from the operative pleading on the assertion that it had been dismissed as a defendant. The Court relied on Plaintiff's characterization of the proposed amended complaint—both the dismissal of NASSCO and the waiver of product liability claims against FKWA and similarly-situated defendants—in deciding to grant leave to amend and remand the action. Indeed, as to the waiver of product liability claims, the Court expressly warned that "Plaintiff would be estopped from re-asserting any such claim after filing his proposed amended complaint." Case No. 18-03735, Dkt. 417 at 6.

The only apparent reason to proceed as Plaintiff did, i.e., reinstating NASSCO *following remand*, was to deprive NASSCO of an opportunity to oppose Plaintiff's motion to remand. This view is strengthened by the fact that Plaintiff previously named and then dismissed NASSCO as a defendant in both this action and the NASSCO Action, all for the apparent purpose of avoiding a federal forum. Although Plaintiff is the master of his complaint, and as such, should be permitted to waive and/or dismiss claims, he may not then reinstate those claims as it suits his purposes. The forgoing conduct is compounded by Plaintiff's dubious use of California Code of Civil Procedure section 474, given that he clearly was not ignorant of NASSCO's identity at the time the action was filed.

Accordingly, IT IS HEREBY ORDERED THAT:

1. By no later than May 30, 2019, Plaintiff shall show cause in writing why NASSCO should not be dismissed and the action remanded to state court based on the doctrine of judicial estoppel. Plaintiff's response shall not exceed 10 pages in length, exclusive of the table of contents, table of authorities, exhibits and declarations, if required.

2. NASSCO may file a reply, also not to exceed 10 pages, by no later than June 6, 2019.

IT IS SO ORDERED.

Dated: May 16, 2019

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge