EXHIBIT "A"

000004

1  LEWIS BRISBOIS BISGAARD & SMITH LLP
   JAMES D. FRASER, SB# 65840
2    E-Mail: James.Fraser@lewisbrisbois.com
   DAVID M. UCHIDA, SB# 232789
3    E-Mail: David.Uchida@lewisbrisbois.com
   633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
   Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Defendant, LEVITON
   MANUFACTURING CO., INC.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF ALAMEDA

10

11 | WILLIAM LIVERNOIS, an individual,           | CASE NO. RG18904408
12 |         Plaintiff,                          | **DEFENDANT LEVITON MANUFACTURING CO., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**
13 |     vs.                                     |
14 | AIR & LIQUID SYSTEMS CORPORATION, a subsidiary of AMPCO-PITTSBURGH | Action Filed:  May 4, 2018
15 | CORPORATION, individually and as successor by merger to BUFFALO PUMPS, | Trial Date:   None Set
16 | INC., individually and successor in interest to BUFFALO FORGE COMPANY; ALBAY
17 | CONSTRUCTION COMPANY; ALLIED FLUID PRODUCTS CORP., individually and
18 | as successor in interest to ALLIED PACKING & SUPPLY, INC.; A.O. SMITH WATER
19 | PRODUCTS CO.; ARMSTRONG INTERNATIONAL, INC.; ARNTZ BROS.;
20 | ARNTZ BUILDERS, INC.; ASBESTOS CORPORATION LIMITED; AURORA
21 | PUMP COMPANY; BASCO DRYWALL & PAINTING CO.; BLACKMER PUMP
22 | COMPANY; BRAND INSULATIONS, INC.; BROADSPECTRUM DOWNSTREAM
23 | SERVICES, INC. individually and as successor in interest to TIMEC COMPANY,
24 | INC. and THE INDUSTRIAL MAINTENANCE ENGINEERING
25 | CONTRACTING COMPANY; BURNHAM, LLC as successor to BURNHAM
26 | CORPORATION; BW/IP, INC., individually and as successor in interest to BYRON
27 | JACSON PUMP CO.; CARRIER CORPORATION, individually and as
28 | successor-in-interest to DAY & NIGHT

4837-9322-2505.1
DEFENDANT LEVITON MANUFACTURING CO., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

000005

| | |
|---|---|
| 1 | COOLING SYSTEMS, BRYANT HEATING & COOLING SYSTEMS and PAYNE |
| 2 | HEATING & COOLING SYSTEMS; CBS CORPORATION, f/k/a VIACOMP, INC., |
| 3 | successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC |
| 4 | CORPORATION as successor in interest to BF STURTEVANT; CERTAINTEED |
| 5 | CORPORATION; CLA-VAL CO., a division of GRISWOLD INDUSTRIES; CLEAVER- |
| 6 | BROOKS, INC. f/k/a Aqua-Chem Inc.; COPELAND CORPORATION LLC, |
| 7 | individually and successor-in-interest to COPELAND CORPORATION; CRANE CO.; |
| 8 | DAP, INC. k/n/a LA MIRADA PRODUCTS CO., INC.; DILLINGHAM |
| 9 | CONSTRUCTION, N.A., INC., individually and as successor-in-interest to C. NORMAN |
| 10 | PETERSON CO.; EATON CORPORATION, individually and as successor to CUTLER- |
| 11 | HAMMER, INC.; ELLIOTT COMPANY aka ELLIOTT TURBOMACHINERY CO., INC.; |
| 12 | FLOWSERVE US INC., individually and as successor in interest to EDWARD VALVE, |
| 13 | INC.; FLUOR CORPORATION, individually and as successor-in-interest to FLUOR |
| 14 | CONSTRUCTION COMPANY; THE FLUOR CORPORATION, LTD; and FLUOR |
| 15 | ENGINEERING AND CONSTRUCTION COMPANY, LTD.; FLUOR ENTERPRISES, |
| 16 | INC. individually and as successor-in-interest to FLUOR ENGINEERS AND |
| 17 | CONSTRUCTORS, INC.; and FLUOR ENGINEERING AND CONSTRUCTION |
| 18 | COMPANY, LTD.; FMC CORPORATION, individually and as successor in interest to |
| 19 | NORTHERN PUMP COMPANY f/k/a NORTHERN FIRE APPARATUS |
| 20 | COMPANY, CHICAGO PUMP COMPANY, and PEERLESS PUMP COMPANY; |
| 21 | FOSTER WHEELER, LLC, as successor in interest to FOSTER WHEELER |
| 22 | CORPORATION and FOSTER WHEELER ENERGY CORPORATION; FRASER'S |
| 23 | BOILER SERVICE, INC.; FRYER-KNOWLES, INC., A CALIFORNIA |
| 24 | CORPORATION; FRYER-KNOWLES, INC., A WASHINGTON CORPORATION; |
| 25 | GARDNER DENVER, INC. f/k/a GARDENER DENVER MACHINERY, INC.; |
| 26 | GENERAL ELECTRIC COMPANY; GOODRICH CORPORATION, f/k/a THE |
| 27 | B.F. GOODRICH COMPANY; GOULDS PUMPS, INC.; GRINNELL LLC, d/b/a |
| 28 | GRINNELL CORPORATION; HILL |

| | |
|---|---|
| 1 | BROTHERS CHEMICAL COMPANY; IMO INDUSTRIES, INC., individually and as |
| 2 | successor in interest to DELAVAL STEAM TURBINE COMPANY ENTERPRISE |
| 3 | ENGINE & FOUNDRY COMPANY, ADEL PRECISION PRODUCTS CORP.; |
| 4 | INGERSOLL-RAND COMPANY, individually and as successor in interest to |
| 5 | TERRY STEAM TURBINE COMPANY; INVENSYS SYSTEMS, INC. f/k/a THE |
| 6 | FOXBORO COMPANY; ITT CORPORATION, individually and as |
| 7 | successor in interest to FOSTER ENGINEERING COMPANY and BELL & |
| 8 | GOSSETT COMPANY; JERGUSON GAGE & VALVE COMPANY; J-M |
| 9 | MANUFACTURING COMPANY, INC.; J.T. THORPE & SON, INC.; KEELER DORR |
| 10 | OLIVER BOILER COMPANY; LENNOX INDUSTRIES, INC.; LEVITON |
| 11 | MANUFACTURING CO., INC.; M. SLAYEN & ASSOCIATES; METALCLAD |
| 12 | INSULATION LLC f/k/a METALCLAD INSULATION CORPORATION: |
| 13 | NATIONAL STEEL AND SHIPBUILDING COMPANY; OSCAR E. ERICKSON, INC.; |
| 14 | OTIS ELEVATOR COMPANY; OWENS-ILLINOIS, INC., individually and as successor |
| 15 | in interest to OWENS-ILLINOIS GLASS COMPANY; PARSONS CORPORATION |
| 16 | individually and as successor in interest to PARSONS INFRASTRUCTURE & |
| 17 | TECHNOLOGY GROUP INC. and THE RALPH M. PARSONS COMPANY; |
| 18 | PARSONS GOVERNMENT SERVICES INC. individually and as successor in interest |
| 19 | to PARSONS INFRASTRUCTURE & TECHNOLOGY GROUP INC. and THE |
| 20 | RALPH M. PARSONS COMPANY; PEERLESS INDUSTRIES, INC.; |
| 21 | PETROCHEM INSULATION, INC.; PLANT PRODUCTS & SUPPLY CO.; RHEEM |
| 22 | MANUFACTURING COMPANY; SANTA FE BRAUN, INC., individually and as |
| 23 | successor in interest to C.F. BRAUN & CO. and C.F. BRAUN, INC.; SEQUOIA |
| 24 | VENTURES INC., formerly known as BETCHEL CORPORATION; SID E. |
| 25 | PARKER BOILER MANUFACTURING COMPANY, INC. dba PARKER COMPANY; |
| 26 | SPIRAX SARCO, INC., individually and as successor in interest to PEERLESS PUMP |
| 27 | COMPANY; SWINERTON BUILDERS individually and as successor in interest to |
| 28 | SWINERTON & WALBERG; SWINERTON, |

1  INC.; SYD CARPENTER, MARINE CONTRACTOR, INC.; TACO, INC.;
2  TECUMSEH PRODUCTS COMPANY; TEMPORARY PLANT CLEANERS, INC,
3  individually and as successor in interest to PLANT MAINTENANCE INC. OF
4  CALIFORNIA; THE GOODYEAR TIRE & RUBBER COMPANY; THE NASH
5  ENGINEERING COMPANY; THE FAIRBANKS COMPANY; THE WM.
6  POWELL COMPANY; THOMAS DEE ENGINEERING CO., INC.; TRANE U.S.
7  INCORPORATED, f/k/a AMERICAN STANDARD INCORPORATED, individually
8  and as successor to KEWANEE BOILER CORP. and AMERICAN BLOWER
9  COMPANY; TRIPLE A MACHINE SHOP, INC.; VELAN VALVE CORPORATION,
10 individually and as successor in interest to VELAN STEAM TRAP CORPORATION;
11 VIKING PUMP, INC.; WARREN PUMPS, LLC, f/k/a WARREN PUMPS, INC.,
12 individually and as successor in interest to QUIMBY PUMP COMPANY; WEIR
13 VALVES & CONTROLS USA, INC., f/k/a and individually and as successor-in-interest to
14 ATWOOD & MORRILL; YORK INTERNATIONAL CORPORATION,
15 individually and as successor-in-interest to CENTRAL ENVIRONMENTAL SYSTEMS,
16 INC., f/k/a BORG-WARNER CENTRAL ENVIRONMENTAL SYSTEMS, INC.,
17 YORK-LUXAIRE, INC., LUXAIRE, INC., and THE C.A. OLSEN MANUFACTURING
18 COMPANY and d/b/a "MONCRIEF FURNACES' d/b/a YORK HEATING & AIR
19 CONDITIONING; ZURN INDUSTRIES LLC, individually and successor to ERIE
20 CITY IRON WORKS a/k/a ERIE CITY BOILERS;
21
   and DOES 1 through 400, inclusive,
22
             Defendant.
23

24  Defendant LEVITON MANUFACTURING CO., INC., (hereinafter "Defendant") for

25 itself and for no other defendant herein, answers Plaintiff WILLIAM LIVERNOIS' (hereinafter

26 referred to as "plaintiff") Complaint for Personal Injury - Asbestos ("the Complaint") as follows:

27 ///

28 ///

### FIRST AFFIRMATIVE DEFENSE

Neither the Complaint nor any purported cause of action alleged by the Plaintiff therein state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

Neither the Complaint nor any purported cause of action alleged therein state facts sufficient to entitle Plaintiff to an award of punitive damages against Defendant.

### THIRD AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would deprive Defendant of their property without due process of law under the California Constitution and United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would violate the United States Constitution's prohibition against laws impairing the obligation of contracts.

### FIFTH AFFIRMATIVE DEFENSE

The imposition of any punitive damages in this matter would constitute a criminal fine or penalty and should, therefore, be remitted on the ground that the award violates the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action, is vague, ambiguous and uncertain as to this Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action, and each alleged cause of action, is barred by the applicable statute of limitations, including but not limited to California *Code of Civil Procedure*, Sections 335.1, 337.1, 337.15, 338, 338.1, 339, 340, 340.2, 340.8, 343 and California Commercial Code, section 2725.

### EIGHTH AFFIRMATIVE DEFENSE

The Court lacks personal jurisdiction over the Defendant.

### NINTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the matters alleged in the Complaint

because the Complaint and each alleged cause of action against Defendant are barred, including but not limited, by the provisions of California Labor Code, section 3600, et seq.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's action, and each alleged cause of action, is barred by the applicable doctrine of forum non conveniens.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action, and each alleged cause of action, is barred by the applicable doctrine of unclean-hands.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably delayed in bringing this action, without good cause therefore, and thereby has prejudiced Defendant as a direct and proximate result of such delay; accordingly, this action is barred by laches and by section 583.110, et. seq. of the Code of Civil Procedure.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to exercise due diligence to mitigate his loss, injury or damages; accordingly, the amount of damages to which Plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff was negligent in and about the matters alleged in the Complaint and in each alleged cause of action; this negligence proximately caused, in whole or in part, the damages alleged in the Complaint. In the event Plaintiff is entitled to any damages, the amount of these damages should be reduced by the comparative fault of Plaintiff and any person whose negligent acts or omissions are imputed to Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff knowingly, voluntarily and unreasonably undertook to encounter each of the risks and hazards, if any, referred to in the Complaint and each alleged cause of action, and this undertaking proximately caused and contributed to any loss, injury or damages incurred by Plaintiff.

///

### SIXTEENTH AFFIRMATIVE DEFENSE

The products referred to in the Complaint were misused, abused or altered by Plaintiff, or by others; the misuse, abuse or alteration was not reasonably foreseeable to Defendant, and proximately caused any loss, injury or damages incurred by Plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff was advised, informed, and warned of any potential hazards and/or dangers, if any there were, associated with the normal or foreseeable use, handling, and storage of the products, substances, and equipment described in the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff did not reasonably rely on any representation, disclaimer, warning or other act or omission of Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, parties other than this Defendant, whom Defendant neither controlled nor had the right to control, was negligent or willful in and about the matters referred to in said Complaint, and that such negligence or willful acts or omissions on the part of said parties proximately and concurrently, contributed to any loss or damage, including non-economic damages, complained of by Plaintiff, if any there were; and that Defendant herein shall not be liable for said parties' proportionate share of non-economic damages.

### TWENTIETH AFFIRMATIVE DEFENSE

If a product for which Defendant is responsible is found to have been involved in the matters referred to in said Complaint, then all parties were provided reasonably appropriate information concerning use of the product.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

If a product for which Defendant is responsible is found to have been involved in the matters referred to in said Complaint, it will also be found that the product was, at all relevant times, safe for normal usage in the manner for which it was intended and was not defective.

///

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that any injuries, damages and/or loss Plaintiff may have sustained were a direct, proximate and sole result of Plaintiff's physical condition during, prior to, and after the events Plaintiff alleges in the Complaint; Plaintiff is thus barred from recovery under the doctrine of no liability for an idiosyncratic reaction.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claim against Defendant is barred or must be reduced to the extent Plaintiff has or will recover from any source whatsoever apart from Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that at the time of the injuries alleged in the Complaint, Plaintiff's employers were negligent in and about the matters referred to in said Complaint, and that such negligence on the part of said employers proximately and concurrently contributed to any loss or damage, including non-economic damages, complained of by Plaintiff, if any there were; and that Defendant is not liable for said employers' proportionate share of non-economic damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's employers were knowledgeable users of any products allegedly manufactured and supplied by Defendant and any duty warn, affect and/or advise Plaintiff regarding the use of Defendant's products, if any, and which duty is specifically denied by Defendant, was superseded and/or discharged by the duty of Plaintiff's employers to do so.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because Plaintiff and/or his employers and/or the premises owners where he worked violated provisions of the Occupational Safety and Health Act of 1970, and those violations were the sole proximate cause of Plaintiffs' injuries, if any.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant states on information and belief that the losses and damages Plaintiff alleges were sustained as a direct and proximate result of the intentional conduct of Plaintiff's employers and/or labor union(s) and/or owners of the premises and/or other persons and/or entities, in failing to properly train and supervise Plaintiff, and in failing to provide him with a reasonably safe place

to work, for which Defendant is neither responsible nor liable.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's employers, by virtue of the notice given in publications of the Federal Register and otherwise, had notice of the dangers Plaintiff now complains of and were obligated under federal law to eliminate any such dangers.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times relative to matters alleged in the Complaint, all of Plaintiff's employers, were sophisticated users of asbestos containing products and said employers' negligence in providing the product to its employees in a negligent, careless and reckless manner was a superseding cause of Plaintiff's injuries, if any.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendant alleges that any exposure of Plaintiff to products manufactured, sold or distributed by this Defendant, if any, was so minimal as to be insufficient to establish by a reasonable degree of probability that any such product caused or was a substantial factor in bringing about any alleged injury, damage, or loss complained of by Plaintiff.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because Defendant owed no duty to Plaintiff.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the state of the medical, scientific, and industrial knowledge and practice was at all material times such that Defendant neither breached any alleged duty owed to Plaintiff, nor knew nor could have known that its product(s) presented a foreseeable risk of harm to Plaintiff in the normal and expected use of such product(s).

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that any products, substances, or equipment assembled, formulated, sold or distributed by this answering Defendant was made consistent with the state of the art applicable to said products, substances, or equipment at the time of their assembly, sale, formulation, or distribution, and as a result, these products were not defective in any manner.

///

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that if this Defendant is responsible to Plaintiff, which responsibility is expressly denied, this Defendant shall be liable to Plaintiff only for the amount of non-economic damages allocated to this Defendant in direct proportion to this Defendant's percentage of fault, if any, as required by *Civil Code* Section 1431.1 et seq.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant did not and does not have a substantial percentage of the market for the asbestos-containing products which allegedly caused Plaintiff's injuries. Therefore, Defendant may not be held liable to Plaintiff based on Defendant's alleged percentage share of the applicable market.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant denies any and all liability to the extent that Plaintiff asserts Defendant's alleged liability as a successor, successor in business, successor in product line or a portion thereafter, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, alter ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that consumption of tobacco products is negligent per se because it is "inherently unsafe and consumed with the ordinary community knowledge of its danger," as expressed in *Richards v. Owens-Illinois, Inc.* (1997) 14 Cal.4th 985, California Civil Code section 25 1714.45(a)(1). Thus, the said negligence of Plaintiff's proximately caused and contributed to his injuries and damages, if any, and therefore, the recovery of Plaintiff, if any, is barred or proportionately reduced.

///

///

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that, on information and belief, Plaintiff named Defendant in this litigation without reasonable product identification and without a reasonable investigation; accordingly, Defendant, pursuant to California *Code of Civil Procedure* sections 128.6, 128.7, requests reasonable expenses, including attorney's fees, incurred by this Defendant as a result of the maintenance by Plaintiff of this bad faith action.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's injuries, damages or losses, if any, were proximately caused by an unforeseeable, independent, intervening or superseding event beyond the control, and unrelated to any conduct of Defendant. Defendant's actions, if any, were superseded by the negligence and wrongful conduct of others.

### FORTIETH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to join all indispensable and/or essential parties needed for just adjudication. Therefore, the action should be stayed pending joinder of essential and/or indispensable parties or, in the alternative, the action should be dismissed.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's action, and each alleged cause of action, is barred by the terms and provisions of California *Code of Civil Procedure* section 361.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the damages alleged by Plaintiff in his Complaint, if any, was or may have been the result of pre-existing conditions and/or propensities of Plaintiff, which were not and could not be known to or foreseen by these answering Defendant.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Defendant denies any wrongdoing, but alleges that in any event, the injuries sustained by Plaintiff, if any, were the result of and/or caused by an unavoidable accident.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

The products allegedly manufactured and supplied by Defendant are done so in accord with all government specifications.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims against Defendant are barred in whole or in part by federal and/or state statutes and/or regulations.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

The benefits of the products, chemicals and compounds referred to in Plaintiff's Complaint outweigh the risks of danger, if any, inherent in the products Defendant sold, manufactured, or distributed.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs made a capable, deliberate and voluntary assent, agreement, or concurrence in some act or purpose, reflecting mental and physical power and free action.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that there is a misjoinder wherein a party has been improperly joined in the litigation as a plaintiff or defendant.

### FORTY-NINTH AFFIRMATIVE DEFENSE

The Complaint and each cause of action stated therein fails to state a claim for which relief can be granted because it is barred by the primary right doctrine as well as the doctrines res judicata and collateral estoppel. It may also be barred to the extent Plaintiff has another action pending for the same or similar injuries.

### FIFTIETH AFFIRMATIVE DEFENSE

Defendant alleges that as a result of the negligent and/or improper acts, conduct, and omissions of Plaintiff, and his agents, each cause of action presented in the Complaint have been waived.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges on information and belief that Plaintiff's negligent and/or improper acts, conduct and omissions, are estoppel from asserting the claims stated in the Complaint and each cause of action therein.

///

///



### FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and the purported causes of action stated therein, are prematurely brought and are not ripe for adjudication, in that Plaintiff has not exhausted all cognizable legal and administrative remedies and prerequisites prior to instituting the instant action.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

Under the rule of comity, based upon the interests of all parties and the involved states, California's interest in having its law applied is non-existent or does not predominate and the interests of Defendant and other states will be impaired if its laws are not applied; therefore the law of other states apply to the parties and issues of this case.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that as between Plaintiff and Defendant, the law applicable to this action is the law as it existed during the period this Defendant engaged, if at all, in the manufacture, assembly, sale, or distribution of asbestos-containing products to which the Plaintiff claims Plaintiff was exposed to. It is unlawful, inequitable, and in violation of Defendant's contractual, statutory, and constitutional rights to apply principles of law other than or in a manner different from those which existed for the period in which Defendant manufactured, assembled, sold, or distributed products to which Plaintiff claims exposure.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are speculative and thus not compensable.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

In the event Plaintiff seeks to recover a verdict or judgment against Defendant, then said verdict or judgment must exclude those amounts which have been, or will, indemnify Plaintiff for any past or future claimed medical costs, health care, life care, or other economic loss or benefit that is offered, or provided under or in connection with the Patient Protection and Affordable Care Act.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

In the event Plaintiff recovers a verdict or judgment against Defendant, then said verdict or judgment must exclude or be reduced by those amounts which will, with reasonable certainty,

replace or indemnify Plaintiff, in whole or in part, for any past or future medical costs, health care, life care, or other economic loss or benefit that is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff failed to take reasonable measures to mitigate the damages allegedly suffered. Accordingly, in the event that Plaintiff recovers a verdict or judgment against this answering Defendant, then said verdict or judgment must be reduced to the extent that any of the damages claimed could have been but were not reduced based upon Plaintiff's failure to mitigate the same.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to obtain coverage available to him as an individual or as a family member, which he is eligible to obtain, then plaintiff has failed to mitigate their damages and cannot recover for such failure.

### SIXTIETH AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to take reasonable steps to protect himself from medical costs, health care, or life care costs, or to avail himself of the resources, services, benefits, and coverage available under the Affordable Care Act, then Plaintiffs failed to mitigate their damages and cannot recover for such failure.

### SIXTY-FIRST AFFIRMATIVE DEFENSE

Defendant reserves the right to supplement or amend its defenses as additional facts become known during investigation and discovery.

WHEREFORE, Defendant prays for judgment in its favor as follows:

(1)   That Plaintiff takes nothing from Defendant by way of the Complaint filed herein;

(2)   For judgment in favor of Defendant;

(3)   That Defendant be awarded costs of suit incurred herein;

(4)   For a determination setting each of Defendant's proportionate share of liability and judgment, if any, based upon the combined responsibility and fault of all persons and entities who proximately caused or contributed to Plaintiff's alleged injuries and damages, and based upon a

proper allocation under law, and offsetting of settlements and other payments;

(5) That if Defendant is found liable, the degree of responsibility and liability for the resulting damages be determined, and that Defendant be liable only for the portion of total damages in proportion to its total responsibility for same;

(6) Reimbursement of any payments made in excess of Defendant's proportionate share of liability, if any; and

(7) For such other and further relief as the Court deems just and proper.

DATED: June 19, 2018

JAMES D. FRASER
DAVID M. UCHIDA
LEWIS BRISBOIS BISGAARD & SMITH LLP

By:      /S/ David Uchida
David M. Uchida
Attorneys for Defendant, LEVITON MANUFACTURING CO., INC.



## CALIFORNIA STATE COURT PROOF OF SERVICE

Livernois, Williams v. Air & Liquid Corporation  - Case No. RG18904408
(Our File No. 50012.-5667)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

On June 19, 2018, I served the following document(s):

1. DEFENDANT LEVITON CO. INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
2. DEFENDANT LEVITON CO. INC.'S DEMAND FOR JURY TRIAL
3. DEFENDANT LEVITON CO. INC.'S NOTICE OF POSTING JURY FEES

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY ELECTRONIC SERVICE VIA FILE & SERVEXPRESS) Based on a court order, I caused the above-entitled document(s) to be served through File & ServeXpress at https://secure.fileandservexpress.com addressed to all parties appearing on the electronic service list for the above-entitled case. The service transmission was reported as complete and a copy of the File & ServeXpress Filing Receipt Page/Confirmation will be filed, deposited, or maintained with the original document(s) in this office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 19, 2018, at Los Angeles, California.

/S/ CHRISTOPHER MARTINEZ
Christopher Martinez

| # | PARTIES | ROLE | ATTORNEY NAME | ATTORNEY LAW |
|---|---|---|---|---|
| 1 | B W I P Inc | Defendant | Yuen, Nicole Brown | Foley & Mansfield P |
| 2 | A O Smith Water Products Co | Defendant | Goldberg, Scott | Selman Breitman LL |
| 3 | AIR & LIQUID SYSTEMS CORP | Defendant | Pietrykowski, Michael J | Gordon & Rees-San |
| 4 | AIR & LIQUID SYSTEMS CORP | Defendant | Scadden, James | Gordon & Rees-San |
| 5 | AIR & LIQUID SYSTEMS CORPORATION, a subsidiary of AMPCO-PITTSBURGH CORPORATION, individually and as | Defendant | Pietrykowski, Michael J | Gordon & Rees-San |
| 6 | Albay Construction Co | Defendant | Soriano, Jocelyn M | Archer Norris-Walnu |
| 7 | Allied Fluid Products Corp | Defendant | Cordery, Theodore T | Imai Tadlock Keeney |
| 8 | ARMSTRONG INTERNATIONAL INC | Defendant | Blomquist, Sonja E | Low Ball & Lynch-S |
| 9 | ARMSTRONG INTERNATIONAL INC | Defendant | Golden, Catherine E | Jackson Jenkins Ren |
| 10 | Arntz Bros | Defendant | No Answer on File | Firm TBD |
| 11 | Arntz Builders Inc | Defendant | No Answer on File | Firm TBD |
| 12 | Asbestos Corp Ltd | Defendant | Gambino, Mary Ellen | Gambino, Mary Ellen |
| 13 | Asbestos Corp Ltd | Defendant | Engel, Robert G | Wilson Elser Moskov |
| 14 | Asbestos Corp Ltd | Defendant | Hall, Benjamin | Hall, Benjamin |
| 15 | Aurora Pump Co | Defendant | Bleichner, Brad | Berkes Crane Robins |
| 16 | Aurora Pump Co | Defendant | Goldstein, Aaron | Perkins Coie LLP-Sa |
| 17 | B W I P Inc | Defendant | Minasian, Suzanna L | Foley & Mansfield P |
| 18 | B W I P Inc | Defendant | Ameele, Keith | Foley & Mansfield P |
| 19 | Basco Drywall & Painting Co | Defendant | Zapala, Alan J | Herr & Zapala LLP |
| 20 | Blackmer Pump Co | Defendant | Cunningham, James | Tucker Ellis LLP-Sa |
| 21 | Brand Insulations Inc | Defendant | No Answer on File | Firm TBD |
| 22 | Broadspectrum Downstream Services Inc | Defendant | Bruni, Christopher B | Sinunu Bruni |
| 23 | Burnham LLC | Defendant | Betette, Robert | Foley & Mansfield P |
| 24 | Burnham LLC | Defendant | Wah, Douglas G | Foley & Mansfield P |
| 25 | BURNHAM LLC | Defendant | Pantuch, Solomon | Foley & Mansfield P |
| 26 | California Superior Court County of Alameda | Interested Party | Lee, Jo-Lynne | California Superior C |
| 27 | Carrier Corp | Defendant | Cunningham, James | Tucker Ellis LLP-Sa |
| 28 | Carrier Corp | Defendant | Newman, Nathan | Tucker Ellis LLP -Lo |
| 29 | CERTAINTEED CORP | Defendant | Nichols, Stephen | Polsinelli LLP - Calif |
| 30 | Cla Val Co | Defendant | Lister, John R | Palmieri Tyler Wiene |
| 31 | Cla Val Co | Defendant | Sorosky, Erica M | Palmieri Tyler Wiene |
| 32 | CLARK-RELIANCE CORPORATION solely as alleged successor o Jerguson Gage & Valve | Defendant | Gage, Nicole | Tucker Ellis LLP-Sa |
| 33 | Cleaver Brooks Co Inc | Defendant | Chusid, Bruce G | Selman Breitman LL |
| 34 | Cleaver Brooks Co Inc | Defendant | Goldberg, Scott | Selman Breitman LL |
| 35 | Copeland Corp LLC | Defendant | Sharp, Gary D | Foley & Mansfield P |
| 36 | Copeland Corp LLC | Defendant | Sun, Eric | Sun, Eric - Foley & M |
| 37 | Copeland Corporation LLC | Defendant | Sun, Tsun-Chi Eric | Foley & Mansfield P |
| 38 | Crane Co | Defendant | Farkas, Stephen P | Farkas, Stephen P |
| 39 | Crane Co | Defendant | Barnes, Michele C | K & L Gates LLP-Sa |
| 40 | Crane Co | Defendant | Tuohy, Brendan J | Tuohy, Brendan J |
| 41 | Crane Co | Defendant | Davis, Geoffrey | K & L Gates LLP-Sa |
| 42 | D A P INC | Defendant | Jackson, Gabriel | W F B M LLP (Wals |
| 43 | D A P INC | Defendant | Renstrom, Peter | W F B M LLP (Wals |
| 44 | D A P INC | Defendant | Portillo, Ana T | Hawkins Parnell Tha |
| 45 | Designated Defense Counsel | Defendant | Counsel, Asbestos | Spanos-Przetak |
| 46 | Dillingham Construction NA Inc | Defendant | Kannett, Mark S | Becherer Kannett & |
| 47 | Dillingham Construction, N.A., Inc | Defendant | Kannett, Mark S | Becherer Kannett & |
| 48 | Dillingham Construction, N.A., Inc. | Defendant | Bergstrom, Emily D | Becherer Kannett & |
| 49 | Dillingham Construction, N A, Inc | Defendant | Yen, Linda | Becherer Kannett & |
| 50 | Eaton Corp | Defendant | Baronian, Robert H | Baronian Law Firm |
| 51 | Elliott Co | Defendant | Duffy, Joseph | Morgan Lewis & Bo |
| 52 | Elliott Co | Defendant | Campbell, Tynnete L | Morgan Lewis & Bo |
| 53 | F M C CORP | Defendant | Pond, Frank D | Pond North LLP |
| 54 | Fairbanks Co | Defendant | No Answer on File | Firm TBD |
| 55 | FLOWSERVE US INC | Defendant | Kelly, Daniel J | Tucker Ellis LLP-Sa |

000021

| # | Party | Role | Attorney | Firm |
|---|---|---|---|---|
| 67. | Fryer-Knowles Inc a California Corp | Defendant | Bishop, Charles S | Simunu Bruni |
| 68. | Fryer-Knowles Inc a California Corp | Defendant | Karatov, Michael A | Karatov, Michael A |
| 69. | GARDNER DENVER INC | Defendant | Jenkins, Charles | Jenkins, Charles W A |
| 70. | GENERAL ELECTRIC CO | Defendant | Jamison, Kevin D | Jamison, Kevin |
| 71. | Goodrich Corp | Defendant | Glaspy, David | Manning Gross + Ma |
| 72. | Goodyear Tire & Rubber Co | Defendant | Pietrykowski, Michael J | Gordon & Rees-San |
| 73. | Goodyear Tire & Rubber Co | Defendant | Badgett, Melissa Rosie | Gordon & Rees-San |
| 74. | Goodyear Tire & Rubber Co | Defendant | Stone, Elan N | Stone, Elan N - Lewi |
| 75. | GOULDS PUMPS INC | Defendant | Pietrykowski, Michael J | Gordon & Rees-San |
| 76. | GOULDS PUMPS INC | Defendant | Scadden, James | Gordon & Rees-San |
| 77. | GRINNELL LLC | Defendant | Duffy, Joseph | Morgan Lewis & Boc |
| 78. | GRINNELL LLC | Defendant | Veasman, Lisa R | Morgan Lewis & Boc |
| 79. | Hill Brothers Chemical Co | Defendant | Eagan, Michael Q | Eagan, Jr, Michael Q |
| 80. | I T T Corp Inc | Defendant | Duffy, Joseph | Morgan Lewis & Boc |
| 81. | I T T Corp Inc | Defendant | Talarico, Amy | Morgan Lewis & Boc |
| 82. | IMO INDUSTRIES INC | Defendant | Bailey, Bobbie Rae | Leader & Berkon LL |
| 83. | IMO INDUSTRIES INC | Defendant | Bailey, Bobbie R | Leader & Berkon LL |
| 84. | Ingersoll Rand Co Ltd | Defendant | Crochet, Carla Lynn | Prindle Goetz Barnes |
| 85. | Invensys Systems Inc | Defendant | Kelly, Daniel J | Tucker Ellis LLP-Sar |
| 86. | J M Manry Roofing | Defendant | McCall, Michael T | W F B M LLP (Wals |
| 87. | J M Manry Roofing | Defendant | McClain, Florence | Lewis Brisbois Bisga |
| 88. | J M Manry Roofing | Defendant | Rubin, Leslie D | Manning Gross + Ma |
| 89. | J T Thorpe & Son Inc | Defendant | Dejardin, Bradford | Dentons US LLP - L |
| 90. | Jerguson Gage & Valve Co | Defendant | Wilson, Lance D | Tucker Ellis LLP-Sar |
| 91. | Keeler Dorr Oliver Boiler Co | Defendant | Rich, Robert A | Gordon & Rees LLP- |
| 92. | KEELER/DORR-OLIVER BOILER COMPANY, INC. | Defendant | Pietrykowski, Michael J | Gordon & Rees-San |
| 93. | Lennox Industries Inc | Defendant | Oberg, Lisa | Dentons US LLP - Sa |
| 94. | Lennox Industries Inc | Defendant | Lee, Jennifer | Dentons US LLP - Sa |
| 95. | Leviton Manufacturing Co Inc | Defendant | No Answer on File | Firm TBD |
| 96. | Livernois, William | Plaintiff | Ashrafi, Benno | Weitz & Luxenberg-l |
| 97. | Livernois, William | Plaintiff | Green, Robert | Weitz & Luxenberg-l |
| 98. | M Slayen & Associates Inc | Defendant | No Answer on File | Firm TBD |
| 99. | M. Slayen and Associates, Inc | Defendant | Kannett, Mark S | Becherer Kannett & |
| 100. | M. Slayen and Associates, Inc. | Defendant | Mahoney, Patrick Mark | Becherer Kannett & |
| 101. | M. Slayen and Associates, Inc | Defendant | Bergstrom, Emily D | Becherer Kannett & |
| 102. | M. Slayen and Associates, Inc. | Defendant | Cross, Steven | Becherer Kannett & |
| 103. | Metalclad Insulation LLC | Defendant | Oberg, Lisa | Dentons US LLP - Sa |
| 104. | Metalclad Insulation LLC | Defendant | Sayers, William J | Sayers, William J |
| 105. | Metalclad Insulation LLC | Defendant | Nicol, Farah | Polsinelli LLP - Calif |
| 106. | Nash Engineering Co Inc | Defendant | Wah, Douglas G | Foley & Mansfield P |
| 107. | Nash Engineering Co Inc | Defendant | Hawkins, Christine | Foley & Mansfield P |
| 108. | Nash Engineering Co Inc | Defendant | Taqi-Eddin, Khaled | Foley & Mansfield P |
| 109. | Nash Engineering Company | Defendant | McKleroy, Gardiner | Wilson Elser Moskov |
| 110. | Oscar E Erickson Inc | Defendant | No Answer on File | Firm TBD |
| 111. | Otis Elevator Co | Defendant | Cunningham, James | Tucker Ellis LLP-Sar |
| 112. | Owens Illinois Inc | Defendant | Dempster, Roberta Nicol | Dempster, Roberta N |
| 113. | Owens Illinois Inc | Defendant | Bertrand, Jean L | Schiff Hardin LLP-Sa |
| 114. | Parsons Corp | Defendant | No Answer on File | Firm TBD |
| 115. | Parsons Corporation | Defendant | Hopwood, Beth | Foley & Mansfield P |
| 116. | Parsons Government Services Inc | Defendant | No Answer on File | Firm TBD |
| 117. | Parsons Government Services Inc | Defendant | Hopwood, Beth | Foley & Mansfield P |
| 118. | Peerless Industries Inc | Defendant | No Answer on File | Firm TBD |
| 119. | Petrochem Insulation Inc | Defendant | No Answer on File | Firm TBD |
| 120. | Plant Products & Supply Co | Defendant | Moore, Ryan T | Berkes Crane Robins |
| 121. | Rheem Manufacturing Co | Defendant | No Answer on File | Firm TBD |
| 122. | Santa Fe Braun Inc | Defendant | No Answer on File | Firm TBD |

000022

| # | Party | Role | Attorney | Firm |
|---|---|---|---|---|
| 134. | Taco Inc | Defendant | Mahaffey, Margaret F | W F B M LLP (Wal |
| 135. | Taco Inc | Defendant | Gritzer, Anne C | W F B M LLP (Wal |
| 136. | Tecumseh Products Co | Defendant | Jackson, Michelle | Dentons US LLP - S |
| 137. | Temporary Plant Cleaners Inc | Defendant | Weiss, Lindsay | Manning Gross + M |
| 138. | Temporary Plant Cleaners Inc | Defendant | Counsel, Asbestos | Manning Gross + M |
| 139. | The Goodyear Tire & Rubber Company | Defendant | Pietrykowski, Michael J | Gordon & Rees-San |
| 140. | Thomas Dee Engineering Co Inc | Defendant | McCall, Michael T | W F B M LLP (Wal |
| 141. | Thomas Dee Engineering Co Inc | Defendant | Gi, Gina | Gordon & Rees LLP |
| 142. | Trane US Inc | Defendant | Pietrykowski, Michael J | Gordon & Rees-San |
| 143. | Triple A Machine Shop Inc | Defendant | Wah, Douglas G | Foley & Mansfield |
| 144. | Triple A Machine Shop Inc | Defendant | Hawkins, Christine | Foley & Mansfield |
| 145. | Velan Valve Corp | Defendant | Sayers, William J | Sayers, William J |
| 146. | Velan Valve Corp | Defendant | Nicol, Farah | Polsinelli LLP - Cali |
| 147. | Velan Valve Corp | Defendant | Greenslade, Joseph | Polsinelli LLP - Cali |
| 148. | Viking Pump Inc | Defendant | Gowin, Julia | Hawkins Parnell Th |
| 149. | Viking Pump Inc | Defendant | Ulloa, Edward | Hawkins Parnell Th |
| 150. | Viking Pump Inc | Defendant | Benton, Kathleen | Hawkins Parnell Th |
| 151. | VIKING PUMP, INC. | Defendant | Jackson, Gabriel | W F B M LLP (Wal |
| 152. | Warren Pumps Inc | Defendant | Pietrykowski, Michael J | Gordon & Rees-San |
| 153. | Warren Pumps Inc | Defendant | Scadden, James | Gordon & Rees-San |
| 154. | WARREN PUMPS, LLC | Defendant | Cunningham, James | Tucker Ellis LLP-Sa |
| 155. | Weir Valves & Controls USA Inc | Defendant | Kannett, Mark S | Becherer Kannett & |
| 156. | Weir Valves & Controls USA Inc | Defendant | Kapp, Lysle James | Becherer Kannett & |
| 157. | Weir Valves & Controls USA Inc | Defendant | Young, Canon | Becherer Kannett & |
| 158. | Weir Valves & Controls USA Inc | Defendant | Bergstrom, Emily D | Becherer Kannett & |
| 159. | Wm Powell Co | Defendant | No Answer on File | Firm TBD |
| 160. | YORK INTERNATIONAL CORP | Defendant | Bailey, Michael H | Bailey, Michael H B |
| 161. | YORK INTERNATIONAL CORP | Defendant | Lowe, Derrick S | Baker Keener & Nal |
| 162. | ZURN INDUSTRIES LLC | Defendant | Minasian, Suzanna L | Foley & Mansfield |
| 163. | ZURN INDUSTRIES LLC | Defendant | Ameele, Keith | Foley & Mansfield |
| 164. | Zurn Industries LLC | Defendant | Yuen, Nicole Brown | Foley & Mansfield |